IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS MATURIN,

      **Plaintiff,**

v.                                                      Case No. 24-cv-1125 JCH/SCY

T-MOBILE USA, INC.,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Carlos Maturin's *Motion to Strike Defendant's Answer and Affirmative Defenses* (ECF No. 16); *Motion for Sanctions Pursuant to FRCP Rule 11(b) and the Court's Inherent Authority* (ECF No. 21); *Request for Expedited Ruling on Motion to Strike Defendant's Answer & Affirmative Defenses* (ECF No. 24); and *Motion Requesting Hearing on Motion for Sanctions* (ECF No. 33). Mr. Maturin, who is proceeding pro se, moved the Court to strike Defendant T-Mobile USA, Inc.'s Answer and affirmative defenses based on purportedly contradictory admissions and bad-faith denials and because the affirmative defenses fail to meet the plausibility standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Subsequently, Plaintiff filed a motion for sanctions against Defendant "for its calculated and deliberate misuse of the judicial process, including the submission of patently frivolous and unsupported affirmative defenses, egregious procedural obfuscation, and bad faith litigation tactics." (Pl.'s Mot. for Sanctions 1, ECF No. 21). He separately moved to expedite a ruling on his motion to strike under Federal Rule of Civil Procedure 1 and for a hearing on his motion for sanctions. Defendant opposes the motion to strike

and motion for sanctions. Having considered the motions, briefs, pleadings, and relevant law, the Court concludes that Plaintiff's motion to strike the Answer and all affirmative defenses should be denied, with one narrow exception. As explained herein, the Court finds that additional specificity is required to give notice of the jurisdictional affirmative defense Defendant is asserting in ¶ 96. Instead of striking the defense at this time, the Court will give Defendant an opportunity to file an amended pleading. If Defendant chooses not to amend, the Court will strike ¶ 96. The Court denies Plaintiff's motion for sanctions, his request for an expedited ruling, and his request for a hearing.

I.   **BACKGROUND**

Plaintiff, a former employee of T-Mobile USA, Inc. ("Defendant"), brings claims for disability discrimination, retaliation, hostile work environment, constructive discharge, and failure to engage in the interactive process under the Americans with Disabilities Act ("ADA") as well as for unlawful interference and retaliation under the Family Medical Leave Act ("FMLA"). Defendant filed an Answer (ECF No. 14), which asserted the following affirmative defenses: failure to state claims (¶ 95); lack of jurisdiction (¶ 96); failure to exhaust his administrative remedies (¶¶ 97-98, 100); claims are untimely and barred by waiver, estoppel, and/or laches (¶ 99); legitimate, non-discriminatory reasons support Defendant's employment decisions (¶ 101); the employment decision would have been made regardless of any improper motive (¶ 102); statutory caps apply (¶ 103); failure to mitigate damages (¶ 104); failure to request an accommodation and any accommodation was unreasonable or would have imposed an undue hardship (¶ 105); and Plaintiff's claims are barred because Defendant complied in good faith with all statutory law and its own policies and acted in good faith (¶ 106). (*See* Answer 7-8, ECF No. 14.) Plaintiff moved to strike the Answer and affirmative defenses in their entirety. (Pl.'s Mot. 1, ECF No. 16.)

## II.     MOTION TO STRIKE

### A.  Standard

According to Federal Rule of Civil Procedure 8(b), a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8(c)(1) applies to affirmative defenses and says that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

A responding party may also state as many separate "defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). A party may deny in good faith all the allegations of the pleading or only parts of an allegation. Fed. R. Civ. P. 8(b)(2)-(3). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

Rule 12(f) allows a party to file a motion to strike. Fed. R. Civ. P. 12(f)(2). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored. *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022); *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091-92 (8th Cir. 2021); *Manning v. Boston Medical Center Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).

### B.  Analysis

#### 1. All the affirmative defenses satisfy pleading standards, with the one exception of the jurisdictional affirmative defense.

Plaintiff asserts that the affirmative defenses fail to meet the *Twombly/Iqbal* pleading standard and should be stricken. According to *Twombly* and *Iqbal*, a complaint must contain sufficient facts to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A pleading that offers labels and conclusions, a formulaic recitation of the

3

elements of a cause of action, or naked assertions devoid of factual enhancement will not stand. *Iqbal*, 556 U.S. at 678. Defendant argues that the courts in the District of New Mexico have held that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses and that the affirmative defenses alleged in this case provide sufficient notice. Defendant thus urges the Court to deny the motion to strike.

### a. The heightened pleading standard in *Twombly* and *Iqbal* does not apply to affirmative defenses.

The pleading standard for affirmative defenses after *Twombly/Iqbal* is an issue that has divided the many courts to have considered it.[1] As Defendant correctly points out, courts in the District of New Mexico have declined to extend the heightened pleading standard in *Twombly* and *Iqbal* to affirmative defenses. *See, e.g.*, *Strobel v. Rusch*, 431 F.Supp.3d 1315, 1334 (D.N.M. 2020) (Brack, J.); *Sartori v. Steider & Assocs., P.C.*, No. 1:15-CV-0091-JCH-LF, 2017 WL 3602029, at *1 (D.N.M. Jan. 19, 2017) (Fashing, J.), *PFRD adopted by* 2017 WL 4542882 (D.N.M. Feb. 8, 2017) (Herrera, J.); *Wells v. Hi Country Auto Group*, 982 F.Supp.2d 1261, 1264 (D.N.M. 2013) (Johnson, J.); *Lane v. Page*, 272 F.R.D. 581, 588-97 (D.N.M. 2011) (Browning, J.) *overruled on other grounds by Tavasci v. Cambron*, No. CIV 16-0461, 2016 WL 6405896, at *17 (D.N.M. Oct. 25, 2016). Courts declining to use the heightened standard have generally applied both textual analysis and practical reasons to come to their conclusion. *See, e.g.*, *Lane*, 272 F.R.D. at 588-97.

---

[1] *See, e.g., Asphaltos Trade, S.A. v. Bituven Puerto Rico, LLC*, Civil No. 18-1876 (BJM), 2021 WL 965645, at *2 (D. Puerto Rico Mar. 15, 2021) ("[M]ost courts decline to require defendants to meet the *Twombly/Iqbal* pleading standard when setting out an affirmative defense.") (quoting Brian Soucek & Remington B. Lamons, *Heightened Pleading Standards for Defendants: A Case Study of Court-Counting Precedent*, 70 Ala. L. Rev. 875, 891 (2019), for statement that "out of 925 times courts had addressed this question, 62 percent of the time 'they refused to apply heightened pleading standards to affirmative defenses'"); *Ross v. Sharp One, Inc.*, CIVIL ACTION No. 19-2293-KHV, 2019 WL 5188673, at *1 (D. Kan. Oct. 15, 2019) (explaining that courts, including within District of Kansas, are split on whether *Twombly/Iqbal* govern the pleading of defenses under Rule 8(b)(1)(A)).

Textually, many of these courts have determined that, unlike Rule 8(a)(2) requiring "a short and plain statement of the claim *showing that the pleader is entitled to relief*," (emphasis added), Rule 8(b)(1)(A) only requires the defense be stated "in short and plain terms." *See, e.g., Ross*, 2019 WL 5188673, at *2. Some of these courts have also looked to Rule 8(c), which applies specifically to affirmative defenses and only requires that the party "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1), without including a "short and plain statement" requirement. *See Lane*, 272 F.R.D. at 592 (quoting *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009)). Turning to the practical reasons, whereas a plaintiff may have years to investigate and prepare a complaint, a defendant has only 21 days to answer or risk waiver, giving cause to require more factual allegations from a plaintiff than a defendant. *Ross*, 2019 WL 5188673, at *2. Also, some courts find relevant that an affirmative defense requires no response, unlike a complaint. *Chung v. U.S. Bank, N.A.*, Civ. No. 16-00017 ACK-RLP, 2016 WL 9525594, at *9 (D. Hawai'i Sept. 6, 2016). Other courts reasoned that the high costs of discovery that were of concern in *Twombly/Iqbal* do not factor into affirmative defenses, because discovery on defenses "add little additional cost and will be borne equally by both parties because the claim and affirmative defense involve discovery of many of the same facts." *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 122-23 (D. Mass. 2012).

On the other side of the debate, courts applying the heightened pleading standard often rely on the similar structure of the requirement in Rule 8 that a pleading contain a "short and plain statement" of the claim and that a response to a pleading must "state in short and plain terms its defenses." *See, e.g.*, *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009). These courts find merit in applying the heightened standard to weed out boilerplate affirmative defenses

5

and to provide notice that there is, indeed, some plausible, factual basis for the assertion of the defense. *See id.* at 650-52; *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010).

The Tenth Circuit has been silent on this issue, as have most other circuit courts.[2] However, in 2019, the Second Circuit clarified the factors relevant to striking an affirmative defense. *GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97. For the first factor, the Second Circuit adopted the *Twombly/Iqbal* plausibility standard to determine the sufficiency of affirmative defenses. *Id.* at 98. When applying the plausibility standard, courts in that Circuit must consider the context of the affirmative defense. *See id.* According to the Second Circuit, a "key aspect of the context" for pleading an affirmative defense is the limited time available for a defendant to plead an affirmative defense compared to the time a plaintiff has to investigate and prepare a complaint. *Id.* Consequently, the Second Circuit explained: "the facts needed to plead a statute-of-limitations defense will usually be readily available; the facts needed to plead an ultra vires defense, for example, may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard." *Id.*

Many district courts in other circuits have not followed the Second Circuit's reasoning. *See*, *e.g.*, *Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 377-78 (N.D. Ohio 2023) (concluding that pleading standard in Sixth Circuit remains fair notice); *Aylin & Ramtin, LLC v. Barnhardt*, Case No. 19-cv-3402, 2022 WL 658786, at *1-3 (N.D. Ill. Mar. 4, 2022) (declining to follow Second Circuit's application of *Twombly/Iqbal* standard to affirmative defenses); *Whetstone Indus., Inc. v. Yowie Group, Ltd.*, No. 3:17-cv-1286-J-20PDB, 2019 WL

---

[2] In a pre-*Twombly* case, the Seventh Circuit stated that, when pleading an affirmative defense, the defendant should not rely on bare-boned conclusory allegations; instead, an affirmative defense must include a "short and plain statement of facts" and "allege the necessary elements of the defense." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989).

6

5102817, at *1 (M.D. Fla. Oct. 11, 2019) (same). The *Greenberger* court found the *GEOMC* case unpersuasive because the Second Circuit did not address the textual difference between Rule 8(c) and Rule 8(a)(2). *Greenberger*, 343 F.R.D. at 377. Likewise, the prominent treatise Wright & Miller views the majority of courts that do not use the heightened pleading standard as following the correct approach. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (4th ed. 2021) (updated 2024).

This Court finds no reason to depart from the persuasive precedent in this District and from other courts concluding that the heightened pleading standard in *Twombly/Iqbal* does not apply. The Supreme Court in *Twombly* focused on the "plain statement" needing "enough heft to 'sho[w]' that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557. *See also Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). That Rule 8(b)(1) and Rule 8(c)(1) do not use the same language as Rule 8(a)(2) is meaningful, and when considered with the restricted time to answer a complaint, counsels against adoption of the heightened *Twombly/Iqbal* standard to affirmative defenses. This analysis comports with the practice of viewing motions to strike with disfavor. *See, e.g., ACT, Inc*, 46 F.4th at 499. Employing a heightened pleading standard "would lead to a proliferation of motion practice" that would transform "a disfavored path into an overcrowded highway with a traffic jam of motions." *Aylin & Ramtin*, 2022 WL 658786, at *3. Consequently, the Court will follow the standard of striking a defense if its legal insufficiency is clearly apparent and "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe County. v. LAC Minerals, Inc.*, Civ. No. 94-0569 JB/LH/DJS, 892 F. Supp. 1333, 1343 (D.N.M. 1995) (internal

citation and quotation omitted). *See also Wells v. Hi Country Auto Group*, 982 F.Supp.2d 1261, 1263-64 (D.N.M. 2013) (Johnson, J.) (relying on standard set forth in *Friends of Santa Fe* when deciding motion to strike).

### b. With the exception of the jurisdictional affirmative defense, the affirmative defenses provide sufficient notice and will not be stricken.

In his motion, Plaintiff asserts that the following defenses fail to meet the plausibility standard: ¶ 95 (failure to state a claim), ¶ 96 (lack of jurisdiction), ¶ 97 (failure to exhaust administrative remedies over some or all claims), ¶ 101 (legitimate, non-discriminatory reasons supported employment decisions), ¶ 104 (failure to mitigate damages), ¶ 105 (failure to request reasonable accommodation), and ¶ 106 (compliance with its own policies). (Pl.'s Mot. 4, ECF No. 16.) According to Defendant, it met the fair notice pleading standard to provide sufficient notice of its affirmative defenses.

Having considered the Answer, the Court will not strike ¶ 95, ¶ 101, or ¶ 104 because those paragraphs provide fair notice of the defenses and satisfy Rule 8(c)(1) and Rule 8(b)(1)(A). Contrary to Plaintiff's arguments, additional factual specificity supporting the defenses is not required at this stage. *Cf. Wells,* 982 F.Supp.2d at 1267 (declining to strike certain affirmative defenses on the grounds that defendants failed to provide factual support for the defenses).

With respect to the lack-of-jurisdiction and failure-to-exhaust-administrative-remedies defenses asserted in ¶¶ 96 and 97, Plaintiff argues that they should be stricken because they contradict Defendant's admissions elsewhere in the Answer. With respect to jurisdiction, Defendant "admits that this Court has federal question jurisdiction over this matter." (Answer ¶ 10, ECF No. 14.) As a listed affirmative defense, however, Defendant generically asserts that the Court "lacks jurisdiction over some or all of Plaintiff's claims." (*Id.* ¶ 96.) Defendant did not

specifically address the basis of its jurisdictional defense in its response.[3] Given the admission of federal question jurisdiction, it is not apparent that this jurisdictional defense could succeed. The Court nevertheless will not strike the defense without giving Defendant an opportunity to clarify its jurisdictional defense. Defendant may within 10 days submit an amended answer to add more specificity in ¶ 96 as to which jurisdictional affirmative defense Defendant is asserting. Should Defendant fail to file a timely amended answer to provide additional information regarding the jurisdictional affirmative defense, the Court will strike ¶ 96 from the Answer.

As to the exhaustion defense, Defendant admits that Plaintiff exhausted administrative remedies "to the extent that they refer to the claims included in Plaintiff's Charge/Amended Charge of Discrimination but denies any allegations regarding claims not included in the Charge." (*Id.* ¶ 12.) The Court is not convinced the admission is inherently contradictory with the assertion of an exhaustion defense, because Defendant's admission regarding exhaustion was limited. A plaintiff may exhaust some claims in a charge of discrimination but fail to exhaust other claims that he raises in a complaint. *See Smith*, 904 F.3d at 1164 (explaining that, after plaintiff receives notice of right to sue from EEOC, plaintiff's claim in court is limited by scope of administrative investigation that can reasonably be expected to follow charge of discrimination submitted to EEOC). The Court will thus not strike ¶ 97.

Turning to ¶ 105 of the Answer, Defendant alleges that Plaintiff failed to request an accommodation, any accommodation was unreasonable, and any accommodation sought would have imposed undue hardship on Defendant. (*Id.* ¶ 105.) Plaintiff argues that his documented accommodation requests under the ADA contradict this defense. Defendant, however, satisfied the fair notice standard in articulating its defense and it is not insufficient on its face or as a matter of

---

[3] Notably, EEOC exhaustion is no longer considered a jurisdictional requirement; rather, it is an affirmative defense. *See Smith v. Cheyenne Retirement Investors L.P.*, 904 F.3d 1159, 1163-64 (10th Cir. 2018).

law based on undisputed facts. A motion to strike is not the appropriate procedural vehicle to resolve the merits of an argument requiring further factual development of the record.

Regarding the defense in ¶ 106, Defendant asserts in its Answer that it acted "in compliance with applicable federal and state discrimination laws, its own policies prohibiting discrimination and retaliation, and in good faith." (Answer ¶ 106, ECF No. 14.) Plaintiff contends that internal policies cannot supersede statutory obligations. Plaintiff appears to be arguing that adherence to internal policy is not a valid affirmative defense. Defendant did not address this specific argument. Nevertheless, it is not clear as a matter of fact or law on the current record that Defendant's purported compliance with its own policies contradicted federal law in a way that would render it an invalid defense. Consequently, the Court finds no grounds to strike the language that Defendant complied with "its own policies prohibiting discrimination and retaliation."

For the first time in its reply brief, Plaintiff argued that the waiver, estoppel, and laches defenses asserted in ¶ 99 of the Answer, as well as the failure to mitigate damages defense in ¶ 104, are inapplicable to ADA/FMLA cases. The Court will not address issues raised for the first time in a reply brief that did not give the opposing party a chance to respond. *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019). Moreover, Plaintiff cited no authority in support of these arguments. The Court thus will not strike ¶ 99 or ¶ 104.

**2. Purported contradictions between admissions and denials do not warrant striking Answer.**

Plaintiff argues that the Answer contains numerous contradictions between admissions and denials. First, Plaintiff contends that Defendant admits to granting Plaintiff intermittent FMLA leave, but contradictorily denies knowledge of his chronic condition, disability, and obligation to engage in the ADA-mandated interactive process. In ¶ 13 of the Complaint, Plaintiff alleges that he is "an individual with a disability as defined by the ADA." (ECF No. 1.) In its Answer,

10

Defendant denied that allegation. (Answer ¶ 13, ECF No. 14.) Plaintiff also asserted that he has a "chronic condition" that "qualifies as a disability under the ADA" and that T-Mobile approved his request for intermittent FMLA leave on June 6, 2022, to manage his condition. (Compl. ¶¶ 15-17, ECF No. 1.) Defendant admitted that it granted Plaintiff intermittent FMLA leave and that a chronic condition may qualify as a disability under the ADA, but it said that it lacked sufficient information to form a belief as to the truth of whether Plaintiff's chronic condition so qualified, and thus, denied the allegation. (Answer ¶¶ 15, 17, ECF No. 15.) Defendant argues that at the time it filed its Answer, its "reasonable inquiry did not yield sufficient information regarding the specifics of Plaintiff's chronic condition and whether it constitutes a disability under the ADA." (Def.'s Resp. 3, ECF No. 17.) Plaintiff has not cited authority that an employer who approves FMLA leave for an employee is thereafter foreclosed from asserting in response to a subsequently filed lawsuit that the employee cannot establish that his condition constituted a disability under the FMLA or ADA, or a lack of knowledge of the issue. Plaintiff has thus not shown that these admissions and denials are inherently contradictory as a matter of fact or law warranting striking a portion or the entirety of the Answer.

Second, Plaintiff asserts that Defendant's acknowledgement of Plaintiff's exemplary performance contradicts its denial that any adverse actions were retaliatory or pretextual. Defendant admits to having recognized Plaintiff's performance in certain ways during his tenure as an employee, such as with promotions and accolades. (*Compare* Compl. ¶¶ 1-3, ECF No. 1, *with* Answer ¶¶ 1-3, ECF No. 14 (admitting Defendant recognized Plaintiff's performance and was promoted).) Defendant also admits to issuing Plaintiff a Performance Improvement Plan ("PIP") on October 6, 2022, but denied that it was retaliatory. (Answer ¶ 6, ECF No. 14.) These admissions and denials are not inherently contradictory, as earlier good performance does not

necessarily mean that a subsequent PIP was not proper or that it was retaliatory. The Court's role is not to resolve factual disputes on a motion to strike. *See*, *e.g.*, *Linker v. Custom-Bilt Mach., Inc.*, 594 F. Supp. 894, 898 (E.D. Pa. 1984) ("[A] motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact").

Third, Plaintiff contends that Defendant denies knowledge of Plaintiff's employment records, accommodation requests, and FMLA leave approvals. Defendant responds that there is no basis in its Answer to support this contention. Having reviewed the Answer, the Court agrees that the Answer does not contain such a denial.

In sum, Plaintiff has not demonstrated that Defendant's denials and admissions are contradictory as a matter of fact or law to compel finding asserting them improper. The Court thus denies Plaintiff's request to strike portions of the Answer based on purportedly contradictory admissions and bad-faith denials under Rules 8, 9, 11, 12, or 26.

### 3. Plaintiff failed to show that Defendant violated the ADA or FMLA as a matter of law to warrant striking portions of the Answer.

According to Plaintiff, Defendant's denial of Plaintiff's chronic condition as a qualifying disability conflicts with the statutory definitions. Defendant in its Answer acknowledged that a chronic condition may qualify as a disability, but it stated that it lacked enough information to determine whether Plaintiff's chronic condition qualifies as a disability. (Def.'s Resp. 5, ECF No. 17.) Rule 8(b)(5) permits a party "that lacks knowledge or information sufficient to form a belief about the truth of an allegation" to so state. Fed. R. Civ. P. 8(b)(5). Plaintiff has not shown that Defendant did not have a good faith basis for asserting in its Answer its lack of knowledge and will not strike any of its denials.

Plaintiff asserts that Defendant discriminated against him in violation of the ADA and FMLA by converting his intermittent leave request to a continuous leave request, (*see* Compl. 13,

15-16, ECF No. 1), and that it violated the ADA in failing to engage in the interactive process in violation of 42 U.S.C. § 12112(b)(5)(A), (*id.* at 17-19). Defendant denies the allegations that it failed to engage in a good-faith interactive process or that it unilaterally converted Plaintiff's intermittent leave to continuous leave without justification. (Answer ¶¶ 44-47, 64, 83-89, ECF No. 14.) Defendant thus contests Plaintiff's factual allegations and legal conclusions. Again, Plaintiff has not shown that it is clear from the face of the pleading that Defendant's factual and legal assertions are false or invalid as a matter of law, or that these portions of the Answer are redundant, immaterial, impertinent, or scandalous. The Court will thus not strike these portions under Rule 12(f).

    **4. The unconscionability of an arbitration clause is not at issue.**

Plaintiff moves under Rule 12(f) to strike Defendant's arbitration clause and to declare it unconscionable and unenforceable due to its conflict with federal statutes. (Pl.'s Mot. 4-5, ECF No. 16.) There is no reference to an arbitration clause in Defendant's Answer. The Court will thus deny this request.

    **5. Sanctions are not warranted.**

In his motion to strike, Plaintiff requests sanctions under Rule 11(b) based on "Defendant's repeated procedural abuses." (Pl.'s Mot. 5, ECF No. 16.) Plaintiff asked for sanctions also by way of a separate motion. The Court explains in the next sanction when resolving the motion for sanctions why sanctions are not warranted.

### III.   <u>MOTION FOR SANCTIONS</u>

Plaintiff moves for sanctions under Rule 11(b) and the Court's inherent authority. The Court has considered the motion and briefs on this issue and finds no hearing is necessary.

    **A. Standard**

Rule 11 of the Federal Rules of Civil Procedure provides that:

By presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support…

(4) the denials of factual contentions are warranted on the evidence….

Fed. R. Civ. P. 11(b). To award sanctions, a court must first find that a pleading violates the Rule 11 standard, and then determine the appropriate sanction. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). Rule 11 imposes an affirmative duty on counsel to conduct a reasonable inquiry into the facts and the law before filing a pleading or written paper. *Id.* at 1320. In deciding whether to impose Rule 11 sanctions against an attorney, a district court must apply an objective standard and determine whether a reasonable and competent attorney would believe in the merit of an argument or claim and file such a document. *See id.* If a court finds that a sanction is warranted, the court must limit the sanction "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Court also has authority under its own inherent power to deter frivolous and abusive litigation and to promote justice and judicial efficiency by imposing monetary or other sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980).

**B. Analysis**

According to Plaintiff, "Exhibit A is the linchpin of this motion." (Pl.'s Mot. for Sanctions 2, ECF No. 21.) Exhibit A on its face is a "Not in Good Standing" document dated "10/08/2019" regarding an employee, Vanessa Martinez. (Pl.'s Ex. A, ECF No. 21 at 28 of 28.) Plaintiff argues that this document shows that Ms. Martinez received preferential treatment compared to Plaintiff and demonstrates that Defendant violated Rule 11(b)(3) in its filings. Having considered Exhibit A, the document does not conclusively establish that Defendant's factual denials and assertions of defenses in its Answer lack all evidentiary support and are frivolous.

Plaintiff further argues that Defendant's proposed discovery limits of 25 interrogatories, 40 requests for production, and four-hour depositions of non-party witnesses are unnecessarily burdensome and designed to disadvantage Plaintiff, warranting sanctions. This argument is wholly without merit. The Honorable Steven C. Yarbrough permitted the 25 interrogatories, 40 requests for production, and 4-hour non-party depositions. (Order 1, ECF No. 25; Clerk's Minutes 1, ECF No. 27.) Requesting those limits was reasonable.

Next, Plaintiff contends sanctions should be imposed because Defendant claims that it cannot determine the possibility of settlement at this time while simultaneously requesting a settlement conference. Plaintiff says these positions are frivolous and waste judicial resources. Defendant's positions are not contradictory. Plaintiff's request for sanctions on this ground is completely baseless.

Plaintiff also asserts that sanctions should be imposed because Defendant misrepresented Plaintiff's participation in the meet-and-confer process and misrepresented the substance of Plaintiff's motion to strike. Again, these arguments lack merit and are not a sufficient basis to impose sanctions.

Plaintiff further seeks sanctions under Rule 11(b)(3) based on Defendant's denial that Plaintiff's chronic condition is a disability; reliance on Rule 12(f); misrepresentation of the affirmative defense pleading standard; generic and blanket denials in its Answer; contradictory statements on jurisdiction; and its assertions of the defenses in ¶¶ 96, 97, 98, 99, 101, 104, and 105. As previously discussed, with the exception of the jurisdictional affirmative defense, the Court found Plaintiff's arguments that Defendant's Answer should be struck on all these grounds to lack merit. As to Defendant's assertion of the jurisdictional defense, it does not warrant Rule 11(c) sanctions.

Finally, Plaintiff argues that Defendant did not disclose Alice Sanchez-Rowe as a key witness in its initial disclosures or in its Status Report and Provisional Discovery Plan (ECF No. 19), filed on January 31, 2025. Relying on Exhibit A, the face of which indicates that Ms. Sanchez-Rowe was cc'd on the document, (Pl.'s Ex. A, ECF No. 21 at 28 of 28), Plaintiff asserts that Ms. Sanchez-Rowe has knowledge of employment decisions central to the case. Plaintiff contends that sanctions are warranted under Rule 11(b)(4) for the lack of earlier disclosure and because Defendant is making denials not supported by the evidence.

The Court disagrees. Defendant disclosed Ms. Sanchez-Rowe in its Initial Disclosures. This case is in its early stages. The Court only recently, on February 20, 2025, entered its *Order Setting Case Management Deadlines and Discovery Parameters* (ECF No. 25). The discovery process is ongoing and is not scheduled to end until August 19, 2025. (*Id.* at 2.) Plaintiff has already received notice that Ms. Sanchez-Rowe is a potential witness. He has suffered no prejudice from the timing of the witness disclosure to date. There are no grounds to issue sanctions based on this timing.[4]

---

[4] In his reply, Plaintiff further contends that sanctions should be imposed because Defendant's counsel failed to disclose Doris, an employee who holds the same role as Ms. Sanchez-Rowe, as a witness. (Pl.'s Reply 2, ECF No.

For all the foregoing reasons, Plaintiff has not shown that Defendant violated Rule 11(b). The Court will not impose any sanctions against Defendant.

### IV.     REQUEST FOR EXPEDITED RULING

Plaintiff moved under Federal Rule of Civil Procedure 1 for the Court to issue an expedited ruling on his motion to strike. Rule 1 provides that the civil rules of procedure should be administered in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court has multiple cases and matters before it and generally rules on each motion in each case in due course, with the policy considerations of Rule 1 in mind for all its cases. Plaintiff has not shown sufficient grounds supporting an expedited ruling, and the Court will deny the request to expedite its decision.

### V.     WARNING ABOUT FRIVOLOUS FILINGS

The Court finds that Plaintiff's motion for sanctions is itself frivolous, lacking in merit, and based on a misunderstanding of the process by which cases proceed under the Federal Rules of Civil Procedure. Moreover, in his motion Plaintiff requests monetary sanctions in the amount of "$355.69 quintillion ($355,687,428,096,000,000,000)". (Pl.'s Mot. 27, ECF No. 21.) That request is quite simply ludicrous.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But, having chosen to represent himself, Plaintiff is nonetheless held to the same standard of compliance with court rules and procedures as are members of the Bar. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). The Court has a strong interest in managing its docket and minimizing the impact of frivolous or meritless actions on its resources. The Court warns

---

29.) The Court generally will not address arguments raised for the first time in a reply. Notably, however, the same grounds for denying sanctions regarding the disclosure of Ms. Sanchez-Rowe would apply to Doris.

17

Plaintiff to familiarize himself with the rules and to carefully consider his own future filings to ensure that they satisfy Rule 11(b).

**IT IS THEREFORE ORDERED** that

1. Plaintiff Carlos Maturin's *Motion to Strike Defendant's Answer and Affirmative Defenses* (**ECF No. 16**) is **DENIED** as to the request to strike the Answer generally and the request to strike all affirmative defenses except the jurisdictional defense asserted in ¶ 96. As to Plaintiff's request to strike the jurisdictional affirmative defense asserted in ¶ 96 of the Answer, the Court finds that ¶ 96 is insufficient to give Plaintiff fair notice of which jurisdictional defense Defendant is asserting. The Court, however, will not strike ¶ 96 at this time. **Defendant may within 10 days submit an amended answer to add more specificity to ¶ 96**. Should Defendant fail to file a timely amended answer to provide additional information regarding the jurisdictional affirmative defense, the Court will strike ¶ 96 from the Answer.

2. Plaintiff's *Motion for Sanctions Pursuant to FRCP Rule 11(b) and the Court's Inherent Authority* (**ECF No. 21**) is **DENIED**.

3. Plaintiff's *Request for Expedited Ruling on Motion to Strike Defendant's Answer & Affirmative Defenses* (**ECF No. 24**) is **DENIED**.

4. Plaintiff's *Motion Requesting Hearing on Motion for Sanctions* (**ECF No. 33**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE