IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS MATURIN,**

      **Plaintiff,**

v.                                                        Case No. 24-cv-1125 JCH/SCY

**T-MOBILE USA, INC.,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Carlos Maturin's *Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (ECF No. 37) and *Amended Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (ECF No. 38). Mr. Maturin, who is proceeding pro se, asks the Court to take judicial notice of Defendant T-Mobile USA, Inc.'s Leave of Absence Policy (Family and Medical Leave Act section), Employee Handbook, and its Equal Employment Opportunity Commission Request for Information (EEOC Response)," which he attached as Exhibits A-C. (Pl.'s Mot. 1, ECF No. 37.) In his amended motion, he also requests judicial notice of the "Broadspire emails," which he attached as Exhibit D. (Pl.'s Am. Mot. 2, ECF No. 38.) Defendant T-Mobile USA, Inc., ("Defendant" or "T-Mobile") opposes the motions, arguing that the documents are not adjudicative facts for which a court may take judicial notice. The Court, having considered the motion, amended motion, notice of supplemental authority, response, reply, evidence, and relevant law, concludes that the motions should be denied.

I.  **BACKGROUND**

Plaintiff, a former employee of T-Mobile, brings claims for disability discrimination, retaliation, hostile work environment, constructive discharge, and failure to engage in the interactive process under the Americans with Disabilities Act ("ADA") as well as for unlawful interference and retaliation under the Family Medical Leave Act ("FMLA"). (*See* Compl., ECF No. 1). Among other allegations, Plaintiff asserts that Defendant discriminated against him in violation of the ADA and FMLA by converting his intermittent leave request to a continuous leave request. (*See id.* at 13-16). Defendant denies the allegations that it unilaterally converted Plaintiff's intermittent leave to continuous leave without justification. (Answer ¶¶ 44-47, 64, 84, ECF No. 14.)

Subsequently, Plaintiff filed a *Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (ECF No. 37), an *Amended Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (ECF No. 38), and a *Notice of Supplemental Authority in Support of Plaintiff's Amended Motion for Judicial Notice* (ECF No. 39). In Plaintiff's initial motion, he asks the Court to take judicial notice of T-Mobile's Leave of Absence Policy, Employee Handbook, and EEOC Response under Federal Rule of Evidence 201(b)(2). (Pl.'s Mot. 2-3, ECF No. 37.)

Plaintiff's amended motion expands his request for judicial notice to emails purportedly sent by Broadspire. (*See* Pl.'s Am. Mot. 2-5, ECF No. 38.)[1] Additionally, Plaintiff asserts in his amended motion that the Court should recognize T-Mobile's EEOC Response and the Broadspire

---

[1] Plaintiff says in his amended motion that he files it "to provide additional legal authority and supplemental evidence in support of his original motion, including newly introduced Exhibit D…" (Pl.'s Am. Mot. 1, ECF No. 38.) The Court construes Plaintiff's amended motion to supplement his original motion, not to replace it entirely. The Court thus does not find the original motion to be mooted by the amended motion.

emails as party admissions admissible under Federal Rule of Evidence 801(d)(2). (*Id.* at 9.)[2] He seeks the Court to permit him to use Exhibits A-D as prima facie evidence of FMLA interference and ADA retaliation. (*Id.* at 10.) Finally, in his amended motion, "Plaintiff reserves the right to file a motion for partial summary judgment on his FMLA interference and ADA retaliation claims following the Court's ruling on this Motion." (*Id.* at 11.) He also asserts based on Rule 56(a): "Because the evidence overwhelmingly supports Plaintiff's claims, a ruling on liability should be considered at this stage." (*Id.*)

Plaintiff later filed a Notice "to inform the Court of newly available evidence confirming the authenticity of the exhibits referenced in Plaintiff's Amended Motion for Judicial Notice." (Notice 1, ECF No. 39.) He attached an email that purportedly was sent by Javier L. Garcia, Bilingual Federal Investigator for the U.S. Equal Employment Opportunity Commission, stating certain pages of the Broadspire Emails, Employee Handbook, Leave of Absence Policy, and EEOC requests for information were submitted to the EEOC. (*See* Notice, Ex. A, ECF No. 39 at 6-7 of 7.) According to Plaintiff, this email confirms that Exhibits A-D were previously submitted as part of an official EEOC investigation, satisfying the standard for judicial notice under Rule 201, and that T-Mobile did not dispute the authenticity or accuracy of these documents, bolstering their reliability. (*Id.* at 2.)

Defendant filed a response opposing the amended motion, arguing that none of the documents or purported facts within them satisfy the criteria for judicial notice. (Def.'s Resp. 3-4, ECF No. 41.) According to T-Mobile, the documents are not generally known in the jurisdiction, and they are not publicly available documents capable of accurate and ready determination by

---

[2] According to T-Mobile, Broadspire is a third-party administrator contracted by Defendant to administer leaves of absence. (Def.'s Resp. 3, ECF No. 41.) Plaintiff alleges that "Broadspire acts as T-Mobile's agent" and that "T-Mobile, acting through Broadspire, manipulated Plaintiff's leave status." (Pl.'s Am. Mot. 5, ECF No. 38.) The Court provides these allegations for context.

3

resort to sources whose accuracy cannot reasonably be questioned. (*Id.*) Defendant asserts that Plaintiff has not shown the completeness, authenticity, applicable dates, and accuracy of the documents. (*Id.*) Further, T-Mobile contends that the EEOC must keep charge information confidential, so its records related to Plaintiff's Charge are not public records that are appropriate subjects of judicial notice. (*Id.* at 4.)

In reply, Plaintiff asserts that Defendant failed to dispute in its response that Exhibits A-D are corporate documents that were submitted and reviewed during the EEOC investigation, and that Defendant did not dispute the authenticity of those documents in the EEOC proceeding. (Pl.'s Reply 1-2, ECF No. 43.) Plaintiff argues that he has satisfied the standard for authentication of the documents, the exhibits qualify as admissions of a party opponent under Rule 801(d)(2), and he has shown "the reliability and admissibility of the exhibits for judicial notice purposes." (*Id.* at 2-3.)

## II. ANALYSIS

### A. The Court will not take judicial notice of Exhibits A-D or of their contents under Rule 201

Federal Rule of Evidence 201(b)(2) provides that a court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it" is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). An adjudicative fact is a fact of the particular case. *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998). When a party requests judicial notice of a fact and supplies the court "with the necessary information," then the court "must take judicial notice." Fed. R. Evid. 201(c)(2). Nevertheless, courts should be cautious about taking judicial notice of facts that are disputable or not widely recognized, because judicially noticing a fact effectively precludes the opposing party

4

from introducing contrary evidence. *See* Fed. R. Evid. 201(b) advisory committee's note to 1972 proposed rules; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). As the Tenth Circuit explained, taking judicial notice alleviates a party's evidentiary duties at trial, substituting the conventional method of taking evidence to establish facts. *York v. American Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996). As such, it is appropriate when the factual matter is "verifiable with certainty." *Id.* (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Plaintiff asks the Court to take judicial notice of Exhibits A-D, requesting not only that the documents be regarded as Defendant's binding corporate policies, but also that he can rely on their contents as undisputed evidence of certain facts. (*See* Pl.'s Mot. 1-3, ECF No. 37; Pl.'s Am. Mot. 4-7, ECF No. 38.) With respect to the Leave of Absence Policy, Plaintiff wants the Court to confirm that intermittent FMLA leave is protected when medically necessary, that the policy contradicts Defendant's EEOC response, and that the policy is evidence of direct FMLA interference. (Pl.'s Mot. 2, ECF No. 37.) As to the Employee Handbook, Mr. Maturin urges the Court to find that Defendant violated its own non-retaliation policy by targeting Plaintiff after he took protected leave, and that the Handbook establishes a clear pattern of discrimination and retaliation under the ADA. (*Id.*) Regarding the EEOC Response (Exhibit C), Plaintiff asks the Court to judicially notice that Defendant acknowledged that Plaintiff was removed based on a practice, rather than a written policy; that Defendant unilaterally changed his intermittent leave status to continuous leave despite his FMLA rights; and that Defendant selectively enforces its policies, establishing pretextual discrimination. (*Id.* at 2-3.) Plaintiff asserts that the Broadspire emails prove the following: (i) he did not request continuous leave; (ii) T-Mobile forced the transition to continuous leave without justification; (iii) Plaintiff provided Exhibit D to the EEOC

and Defendant failed to dispute the emails; and (iv) the facts demonstrate FMLA interference and ADA retaliation. (Pl.'s Am. Mot. 4-5, ECF No. 38.)

According to Plaintiff, taking judicial notice is required because these documents are official corporate documents that are not subject to reasonable dispute. The Court disagrees. What T-Mobile's policies are, and which were in place at the time, are not the type of self-evident truths contemplated by Rule 201. *See Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (explaining that self-evident truths that no reasonable person could question are the types of adjudicative facts eligible for judicial notice under Rule 201). As to the types of facts subject to judicial notice, courts generally have applied the doctrine to its own records, records of proceedings in other courts, and facts that are a matter of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *St. Louis Baptist Temple*, 605 F.2d at 1172. The contents of an administrative agency's publicly available files also traditionally qualify for judicial notice. *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1212-13 (10th Cir. 2012) (taking judicial notice that company filed materials with NHTSA purporting to identify a defect and announce a recall where parties did not dispute those facts).

As Defendant points out, however, information submitted during an EEOC investigation is generally not subject to public disclosure. *See*, *e.g.*, 42 U.S.C. § 2000e-8(e) ("It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information."); *Equal Employment Opportunity Commission v. Associated Dry Goods Corp.*, 449 U.S. 590, 596 (1981) ("Title VII gives the Commission two formal means of obtaining information when it investigates a charge: The Commission may examine and copy evidence in the possession of the respondent

6

employer, § 2000e-8(a), and subpoena evidence and documents, § 2000e-9. Congress imposed on the Commission a duty to maintain this information in confidence. Section 706(b) of Title VII directs that '[c]harges shall not be made public by the Commission.'"). Because Plaintiff has not demonstrated that Exhibits A-D are publicly available or that they are from a source whose accuracy cannot reasonably be questioned, he failed to satisfy the threshold requirements for judicially noticing facts.

Moreover, Plaintiff asks the Court to make factual and legal conclusions from the attachments. Judicially noticed documents, however, are only considered to show their contents, not to prove the truthfulness of those contents. *See Winzler*, 681 F.3d at 1213; *Tal*, 453 F.3d at 1264 n.24. Consequently, the Court denies Plaintiff's request to take judicial notice of Exhibits A-D and their contents.

Plaintiff nonetheless asserts that Defendant cannot deny the authenticity of its own corporate policies. Whether the policies have been authenticated for purposes of admissibility is a separate question from judicially noticing the documents, which the Court addresses in the next section.

> **B. The Court will deny the request to admit Exhibits A-D without prejudice to raising the issue when the record is more fully developed.**

In his amended motion, Mr. Maturin asserts that Exhibits A-D are admissible under Rule 801(d)(2) as admissions by a party-opponent. (Pl.'s Am. Mot. 2-3, 9-10, ECF No. 38.) According to Plaintiff, T-Mobile submitted its Employee Handbook, Leave of Absence Policy, and EEOC Response to the EEOC, and thus, they constitute admissions by a party opponent. Plaintiff asserts he submitted the Broadspire emails to the EEOC, Defendant never disputed them, so they too are admissible under Rule 801(d)(2). In his Notice of Supplemental Authority and reply, Plaintiff

additionally argues that the EEOC records have been authenticated under Federal Rule of Civil Procedure 44. (*See* Pl.'s Notice 3, ECF No. 39; Pl.'s Reply 3, ECF No. 43).

Defendant's response focused on the judicial notice arguments and did not address whether the documents and their contents are not hearsay under Rule 801(d)(2). T-Mobile did, however, argue that Plaintiff failed to establish the authenticity and accuracy of the documents.

Rule 801(d)(2) provides that a statement is "not hearsay" when it is "offered against an opposing party and" was made by the party, is one the party manifested that it adopted or believed to be true, was made by a person the party authorized to make the statement on the subject, or was made by the party's agent on a matter within the scope of that relationship. Fed. R. Evid. 801(d)(2). If a statement is not hearsay, it is not subject to the hearsay exclusion rule. *See* Fed. R. Evid. 802. That a statement is not hearsay, however, is not alone enough to establish the admissibility of a document and its contents.

Authentication of evidence is also required for admission. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). The Tenth Circuit does "not require an affidavit to authenticate every document submitted for consideration at summary judgment." *Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009). For example, "documents produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901." *Id.* In contrast, to determine whether documents not printed on an opposing party's letterhead are authentic, a court looks to Rule 56(c) and the Federal Rules of Evidence. *Id.* Documents may be authenticated by way of an affidavit stating what the document is or by taking into consideration an exhibit's appearance, content, substance, internal patterns, or other

distinctive characteristics of the document, taken together with all the circumstances. *Id.* (quoting Rules 901(a) and 901(b)(4)). The circumstances surrounding a document's production and the document's contents may sufficiently authenticate it. *See Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (concluding document was authenticated where it was prepared on a former co-defendant's letterhead and was produced by former defendant and noting that authentication may be upheld where defendant provided documents during discovery and never challenged their authenticity). Rule 44 sets forth ways for authenticating official records of the United States or foreign governments. *See* Fed. R. Civ. P. 44.

Plaintiff is seeking the Court to find Exhibits A-D admissible so that he may use them in support of a Rule 56 summary judgment motion. The Court finds this issue premature and will deny the request to admit Exhibits A-D at this time. These evidentiary issues are better suited for resolution after a motion for summary judgment is filed. A party may object to a fact asserted in support of a motion for summary judgment based on hearsay or lack of authentication, and then the issue can be litigated with a better developed record. *See* Fed. R. Civ. P. 56(c)(2). If no objection is made to an attached document or its contents, then the issue of authentication/hearsay may be moot. Moreover, discovery in this case is ongoing. Answers to requests for admission or interrogatories may similarly resolve issues regarding authentication. Accordingly, the Court denies without prejudice Plaintiff's request to find Exhibits A-D authenticated and admissible.

### C. To the extent, Plaintiff seeks summary judgment in his amended motion for judicial notice, Plaintiff's request is denied without prejudice.

Mr. Maturin asserted that the contradictions in Defendant's EEOC Response "establish a triable issue warranting summary judgment." (Pl.'s Am. Mot. 4, ECF No. 38.) He also stated: "Because the evidence overwhelmingly supports Plaintiff's claims, a ruling on liability should be considered at this stage." (*Id.* at 11.) Although these statements indicate Plaintiff is requesting

9

summary judgment, he also "reserves the right to file a motion for partial summary judgment" following the Court's ruling on the amended motion. (*See id.*) It is thus not clear if Plaintiff is requesting summary judgment in the amended motion. To the extent Plaintiff is, that request is denied without prejudice, because Plaintiff has not properly filed a motion for summary judgment in accordance with this District's summary judgment procedures. Under the District of New Mexico's Local Rule 56.1(b) governing summary judgment motions, the "moving party must file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon (the 'Memorandum')." D.N.M. Local Rule 56.1(b). Additionally, the "Memorandum must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists" and the "facts must be **numbered** and must refer with particularity to those portions of the record upon which the movant relies." *Id.* (bold in original). Plaintiff has not filed a memorandum in accordance with this rule, and thus, to the extent Plaintiff requests summary judgment in his amended motion for judicial notice, the Court denies it without prejudice. Should Plaintiff choose to file a motion for summary judgment in the future, the motion should adhere to Local Rule 56.1(b).

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (**ECF No. 37**), and Plaintiff's *Amended Motion for Judicial Notice of Defendant's Official HR Policies and Supplemental Evidence in Support of FMLA & ADA Claims* (**ECF No. 38**) are **DENIED**. Plaintiff's requests for rulings on authentication, Rule 801(d)(2) admission, and summary judgment are **DENIED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE