## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CARLOS MATURIN,

        Plaintiff,

        vs.                                                           Civ. No. 24-1125 JCH/SCY

T-MOBILE USA, INC.,

        Defendant.

## <u>ORDER GRANTING IN PART AND DENYING IN PART<br>MOTION TO COMPEL</u>

Plaintiff alleges that he suffers from a chronic, life-long disability and that his former

employer, T-Mobile USA, Inc., engaged in retaliatory and discriminatory conduct in violation of

the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"),

eventually leading to his constructive discharge. Doc. 1. Presently before the Court is

Defendant's Motion to Compel Plaintiff to Fully Respond to Discovery Requests. Doc. 47; *see

also* Docs. 48, 49 (response); Doc. 50 (reply). For the reasons discussed below, the Court grants

in part and denies in part the motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's
> claim or defense and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information
> within this scope of discovery need not be admissible in evidence to be
> discoverable.

Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation and citation omitted).

## DISCUSSION

### 1. Deficiencies in Defendant's Discovery Responses

As an initial matter, Plaintiff spends the bulk of his response arguing that Defendant did not sufficiently respond to Plaintiff's discovery requests and that Defendant's present motion to compel is "a procedural sleight of hand designed to shift focus away from Defendant's own pattern of delay, selective production, and obstruction." Doc. 48 at 9. However, that Plaintiff is dissatisfied with Defendant's discovery responses has no bearing on the sufficiency of his own discovery responses. Thus, in ruling on the present motion, which concerns Defendant's complaints regarding Plaintiff's discovery responses, the Court will not address Plaintiff's complaints regarding Defendant's discovery responses.

### 2. Meet and Confer

As another preliminary matter, Plaintiff summarily asserts that the present motion to compel is premature because Defendant failed to first engage in a "genuine, reciprocal good-faith effort to resolve disputes before filing." Doc. 48 at 9. Federal Rule of Civil Procedure 37(a)(1) requires a motion to compel discovery to contain a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." And the Court has advised the parties that it

> will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R.

Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

Doc. 15 at 2 n.1.

Here, after receiving Plaintiff's responses to discovery on March 27, 2025, Defendant emailed Plaintiff a good faith letter on Friday, April 11, 2025, listing deficiencies with his responses and suggesting a telephone call for Monday, April 14 or Tuesday, April 15. Doc. 47-3. Plaintiff sent a response letter on April 14 or 15,[1] in which he listed deficiencies with Defendant's discovery responses and stated that his "willingness to supplement further is strictly conditioned upon mutual compliance and full reciprocal disclosure by Defendant." Doc. 47-4 at 1. He also suggested a telephonic meet and confer on April 30, "the earliest date within [his] availability." *Id.* at 3. Defendant instead filed its motion to compel on April 17. Doc. 47. Under these circumstances, the Court will not deny the present motion to compel for failure to meet and confer. Defendant mailed Plaintiff a good faith letter, made an initial attempt to confer by telephone, and, due to Plaintiff's unavailability, could not speak to Plaintiff until more than two weeks after receiving Plaintiff's responsive letter.

### 3. Interrogatories

Turning to the merits of the motion to compel, Defendant asserts that several of Plaintiff's responses to interrogatories are deficient. The Court will address each in turn.

---

[1] The letter attached to Defendant's motion is dated April 14, 2025, Doc. 47-4, but Defendant represents in its motion that Plaintiff sent the letter on April 15, Doc. 47 at 2. The one-day difference is immaterial to the Court's discussion.

a. Interrogatory No. 4

Interrogatory No. 4 asks Plaintiff to identify and provide information as to any employer to whom he submitted an application for employment either during or after his employment with Defendant, as well as provide information as to any positions for which he was hired. Doc. 47-2 at 9. In response, Plaintiff asserted objections that the discovery sought is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks irrelevant information. *Id.* Notwithstanding those objections, Plaintiff responded that he has submitted multiple applications. Plaintiff, however, did not provide the requested information as to his applications and instead stated that "[r]esponsive and relevant information will be produced to the extent it exists and is identified as relating to the claims or damages at issue." *Id.*

Plaintiff offers no further explanation as to how this discovery request is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. "A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad." *Saiz v. ADD Express, Inc.*, No. CV 23-660 MLG/GBW, 2024 WL 264051, at *2 (D.N.M. Jan. 24, 2024) (quoting *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995)).

Further, the Court agrees with Defendant that this information is proportional and relevant to Plaintiff's claim for economic damages and to Defendant's defense of failure to mitigate. *See* Doc. 1 at 19-20 (complaint, requesting compensatory damages for financial instability, lost income, and career impact as well as back pay and front pay); Doc. 14 (answer, asserting an affirmative defense for failure to mitigate); *see also Wang v. All. for Sustainable Energy, LLC*, No. 20-CV-03780-NYW, 2022 WL 1500779, at *4 (D. Colo. May 12, 2022)

("Generally speaking, by making a claim for lost income, a plaintiff is said to have placed his or her post-termination income at issue in a case. Wrongfully discharged claimants have an obligation to use reasonable efforts to mitigate their damages, including plaintiffs seeking back pay or front pay.") (internal quotation marks and citations omitted).

Plaintiff's statement that "[r]esponsive and relevant information will be produced to the extent it exists and is identified as relating to the claims or damages at issue" does not save his failure to fully respond. A generic, future promise to supplement with no explanation as to why the information cannot be presently provided is insufficient to comply with Plaintiff's discovery obligations. Accordingly, the Court grants the motion to compel as to Interrogatory No. 4.

b. Interrogatory No. 5

Interrogatory No. 5 asks Plaintiff to "[i]dentify all persons with whom [he has] discussed any of the allegations contained in the Complaint and/or the subject matter of this litigation." Doc. 47-2 at 9. Plaintiff responded with a few names, as well as objections that the interrogatory is "vague and seeks information protected by the work product doctrine and attorney-client privilege to the extent it seeks communications with legal representatives." *Id.* Defendant argues that, because Plaintiff is proceeding pro se, he cannot invoke the attorney-client privilege or the work product doctrine for communications or material created without the involvement of legal counsel. Doc. 47 at 8.

"To establish application of the attorney-client privilege, the party claiming the privilege must prove there was: (1) a communication, (2) between privileged persons, (3) made in confidence, and (4) for the purpose of seeking, obtaining, or providing legal assistance." *Hedquist v. Patterson*, 215 F. Supp. 3d 1237, 1244 (D. Wyo. 2016) (citing, among others, *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985)). It does not necessarily follow that Plaintiff

is not entitled to assert the attorney-client privilege simply because he is proceeding pro se as Plaintiff could have consulted with an attorney regarding the subject matter of this litigation. But even if that were the case, this interrogatory does not ask about the contents of any communications with an attorney. Rather, it seeks only the name of any person with whom Plaintiff discussed this matter. Attorney-client privilege protects certain communications with an attorney, but the fact that a person met with a particular attorney is not typically protected. *See New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 444 (D. Kan. 2009) ("[T]he subject matter of meetings with an attorney, the persons present, the location of the meetings, or the persons arranging the meetings are . . . not protected by the privilege."). Accordingly, the Court agrees with Defendant that this interrogatory does not request matters within the attorney-client privilege.

Additionally, the interrogatory does not call for the disclosure of work product. It seeks the names of persons with whom Plaintiff discussed the allegations in the complaint, not materials produced in any such conversations. *Cf.* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).").

Thus, the Court grants the motion to compel as to Interrogatory No. 5 and overrules Plaintiff's objections. To the extent Plaintiff is withholding any information in response to Interrogatory No. 5 based on an assertion of attorney-client privilege or work product, Plaintiff must produce the withheld information.

c.  Interrogatory No. 6

Interrogatory No. 6 requests that Plaintiff provide information as to any mental health care provider he has consulted with or treated with for the last five years. Doc. 47-2 at 10. In addition to several boilerplate objections, Plaintiff responded that he "is not seeking damages for emotional distress beyond what is typical and incident to the FMLA/ADA violations. Accordingly, no providers are identified at this time." *Id.* The Court construes this response as applying the "garden variety" approach to emotional distress damages. Under the garden variety approach, "courts have reasoned that a plaintiff does not place [his] mental health condition at issue, or waive [his] psychotherapist-patient privilege, merely by seeking 'garden variety' emotional distress." *Empey v. FedEx Ground Package Sys., Inc.*, No. CV 15-0815 KK/KBM, 2016 WL 10179244, at *2 (D.N.M. July 7, 2016) (citing *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 450 (N.D.N.Y. 2000)). Plaintiff, however, offers no argument to support application of the garden variety approach in this case and the Court is aware of no controlling precedent in the Tenth Circuit validating such an approach. *See Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-CV-291 KG/KRS, 2024 WL 584631, at *4 (D.N.M. Feb. 13, 2024) ("The Tenth Circuit has not adopted a 'garden variety' injuries exception to discovery where a plaintiff has placed his otherwise privileged healthcare information at issue.") (internal quotation marks and citation omitted); *see also Empey*, 2016 WL 10179244, at *3 ("The Court, in its independent research, has not discovered any New Mexico state court or Tenth Circuit Court of Appeals case applying, or even discussing, the 'garden variety' approach to emotional distress damages.").

In any event, even assuming the Tenth Circuit would recognize the garden variety approach, the Court need not address it in this case because it appears from Plaintiff's complaint

that he is not simply alleging garden variety emotion distress damages. That is, garden variety emotion distress includes

> the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized; the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel given the defendant's conduct; the normal distress experienced as a result of the claimed injury; the negative emotions that plaintiff experienced essentially as the intrinsic result of the defendant's alleged conduct, but not the resulting symptoms or conditions that she might have suffered; the generalized insult, hurt feelings, and lingering resentment that does not involve a significant disruption of the plaintiff's work life and rarely involves more than a temporary disruption of the claimant's personal life; the ordinary or commonplace, simple or usual; those that do not involve psychological treatment or adversely affect any particular life activities; those where the plaintiff describes his or her stress in vague and conclusory terms, but does not describe their severity or consequences; or those that involve the general pain and suffering and emotional distress one feels at the time of the complained-of conduct, but not any ongoing emotional distress.

*Empey*, 2016 WL 10179244, at *3 (quoting *Flowers v. C.O. Owens*, 274 F.R.D. 218, 225-26 (N.D. Ill. 2011)). Plaintiff alleges in his complaint that "[a]s a result of Defendant's actions, [he] suffered severe emotional distress, mental anguish, financial instability, and diminished future earning capacity." Doc. 1 at 1, 12; *see also* Doc. 20 at 5 (Plaintiff's Joint Status Report, alleging the same). "On its face, extreme emotional distress is distinct from garden variety emotional distress." *Castillo v. Villa*, No. CV 15-344 SCY/KK, 2016 WL 10592207, at *7 (D.N.M. Jan. 22, 2016). Further, Plaintiff alleges that "Defendant imposed a forced relocation under threat of termination, creating undue stress and exacerbating Plaintiff's health condition." Doc. 1 at 16 ¶ 70(b). However, "garden variety emotional distress 'rarely involves more than a temporary disruption of the claimant's personal life.'" *Castillo v. Villa*, No. CV 15-344 SCY/KK, 2016 WL 10592207, at *7 (D.N.M. Jan. 22, 2016) (quoting *Flowers*, 274 F.R.D. at 225-26)).

For these reasons, the Court finds that Plaintiff has placed his mental health at issue and information pertaining to his mental health treatment is therefore subject to discovery. The Court grants the motion to compel as to Interrogatory No. 6.

d. Interrogatory No. 7

Interrogatory No. 7 requests that Plaintiff describe and provide information as to any disabilities, impairments, limitations, or handicaps to which he has been subject at any time during the last 5 years. Doc. 47-2 at 10. Plaintiff responded with boilerplate objections—overboard, not limited in scope to the issue in this case, seeking irrelevant information, undue burden, not narrowly-tailored—and then stated that he "has a qualified disability for the purposes of FMLA/ADA protection and reserves the right to provide medical documentation relevant to that claim through the proper discovery process or expert disclosure if necessary." *Id.* In its motion, Defendant agrees to limit this interrogatory to the "disability-related allegations specific to this matter." Doc. 47 at 7. The Court agrees that, with this limitation, such information is relevant. Plaintiff has alleged that he has a qualified disability and that Defendant discriminated against him based on that disability. Defendant is entitled to discovery as to the nature of Plaintiff's disability and Plaintiff's non-specific promise to supplement is an insufficient response. Accordingly, the Court grants the motion to compel as to Interrogatory No. 7, subject to the limitation Defendant provided in its motion.

e. Interrogatory No. 16

Interrogatory No. 16 asks that "[f]or each Request for Production served on you and to which you did not produce any requested documents on the grounds of any privilege, please describe the document and state the privilege claimed." Doc. 47-2 at 13. In response, Plaintiff stated that he "has not withheld any documents based on privilege." *Id.* He also "reserved the

right to assert privilege over documents that may later be identified as protected by the attorney-client privilege, the work product doctrine, or other applicable privileges." *Id.* As with Interrogatory No. 5, Defendant asserts that Plaintiff, who is proceeding pro se, cannot invoke the attorney-client privilege or work product doctrine and that the Court should overrule his objections and compel a complete response. As discussed above, it is not necessarily true that Plaintiff cannot invoke the attorney-client privilege or work product doctrine simple because he is proceeding pro se. The Court, however, need not determine whether such privileges would apply because Plaintiff represents that he has not withheld any documents based on a privilege. Thus, there is nothing further for the Court to compel and the Court therefore denies the motion to compel as to Interrogatory No. 16.

   f.   Interrogatory No. 18

      Defendant requests that Plaintiff identify all health care providers with whom he has consulted or treated with for the alleged disabilities and injuries referred to in the complaint. Doc. 47-2 at 13. In response, Plaintiff lodged several objections:

> Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 6 and 7, and further objects to the extent it seeks private medical information that is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. Plaintiff also objects to this request to the extent it seeks disclosure of health information unrelated to the conditions specifically referenced in the Complaint.

*Id.*

      First, Defendant argues that Interrogatory No. 18 is not duplicative of Interrogatory Nos. 6 and 7, and the Court agrees. Interrogatory No. 6 seeks information as to Plaintiff's treatment for his claim of mental or emotional distress while Interrogatory No. 7 asks Plaintiff to describe his disabilities, impairments, or limitations relevant in this lawsuit. Interrogatory No. 18, on the

other hand, asks Plaintiff to identify the health care providers with whom he has consulted or treated regarding his disabilities/injuries referred to in the complaint.

Second, Defendant argues that the requested information is relevant, narrowly tailored, and not unduly burdensome because Plaintiff has placed his disabilities as issue in this case. Indeed, Plaintiff alleges in his complaint that he has a disability and that Defendant discriminated and retaliated against him based on that disability in violation of the ADA and FMLA. *See, e.g.*, Doc. 1 ¶ 15 ("Plaintiff's chronic condition qualified as a disability under the ADA. Plaintiff as a well-documented history of this condition, which substantially limits his ability to perform major life functions without accommodation."); *id.* at 1 ("Defendant's retaliatory and discriminatory conduct include[s] discrimination based on disability . . ."). "To establish a prima facie case of disability discrimination under the ADA, Plaintiff must prove that []he (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer . . . because of that disability." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011). Given that an essential element of Plaintiff's ADA claim is whether he is a disabled person as defined by the ADA, the Court agrees that Plaintiff has placed his disability at issue in this litigation and that Defendant is entitled to discovery regarding that disability. Further, although Plaintiff objects to this interrogatory "to the extent it seeks disclosure of health information unrelated to the conditions specifically referenced in the Complaint," the interrogatory requests no such information. It specifically seeks "all health care providers with whom you have consulted or been treated *for the alleged disability(ies)/injury(ies) to which you refer in the Complaint*." Doc. 47-2 at 13 (emphasis added).

Accordingly, the Court grants the motion to compel as to Interrogatory No. 18.

4. **Requests for Production**

Defendant also moves to compel responses to several Requests for Production, asserting that Plaintiff has failed to produce "a single document in response to any of the 28 Requests for Production." Doc. 47 at 10. The Court will address the Requests for Production at issue in turn, grouping together related issues.

a.  Medical Information: Request for Production Nos. 1 & 17

Request for Production No. 1 asks Plaintiff to provide copies of all medical records in his possession, custody, or control relating to the disability referenced in the complaint and Request for Production No. 17 asks Plaintiff to sign a medical release for records related to treatment received for the disability at issue in the complaint. Doc. 47-2 at 20, 24. Plaintiff objected to both requests as overbroad, not limited in scope to relevant claims or defenses, seeking private and protected health information not relevant to the claims, and not proportional to the needs of the case. *Id.* As discussed above, the Court agrees with Defendant that this information is relevant, not overboard, and proportional to the needs of the case given that Plaintiff has placed his disability at issue in this lawsuit. Indeed, these requests are limited in scope to medical records related to Plaintiff's disability at issue in the complaint. The Court therefore grants to the motion to compel as to Request for Production Nos. 1 and 17.

Regarding Request for Production No. 17, in addition to the objections discussed above, Plaintiff also objected because the "requested HIPPA [sic] authorization seeks unrestricted access to Plaintiff's protected health information without sufficient justification or limitation to the issues at hand." Doc. 47-2 at 11. Plaintiff provides no further clarification regarding this objection and the Court construes it as an objection to providing a blank release to Defendant. The Court orders Plaintiff to execute and produce a signed authorization to release medical

records, as set forth in Appendix A to the District of New Mexico Civil Local Rules, for each

provider Plaintiff lists in response to Interrogatory No. 18.

     b.  <u>Documents Supporting Plaintiff's Allegations: Request for Production Nos. 4, 6, 7, 14,
15, 22, 23, 26</u>

Defendant moves to compel responses to several Requests for Production that seek

information relating to documents supporting Plaintiff's allegations. First, Request for Production

No. 4 asks Plaintiff to "[p]roduce any lists, diaries, notes or calendar kept by you that describe,

refer to, or relate to your employment with Defendant, including the alleged discrimination and

retaliation about which you complain." Doc. 47-2 at 20. Plaintiff objected to the request as vague,

overbroad, seeking irrelevant information, not proportional to the needs of the case, and not

limited in scope or time. *Id.* at 21. He nonetheless agreed to "produce non-privileged, relevant

documents in his possession, custody, or control that relate to his employment with Defendant and

the allegations raised in the Complaint." *Id.* The Court agrees with Plaintiff that the request is

overbroad and would capture much irrelevant information. For example, it would capture notes

Plaintiff made about coworkers' birthdays. The Court will therefore limit this request to only the

relevant information: any lists, diaries, notes, or calendars kept by Plaintiff that describe, refer to,

or relate to the alleged discrimination and retaliation in the complaint.

Request for Production No. 6 seeks all correspondence or other records of

communications between Plaintiff and any employee, agent, or representative of Defendant

related to any complaint of discrimination or request for accommodation made by Plaintiff. Doc.

47-2 at 21. In response, Plaintiff asserted various objections (overbroad, unduly burdensome, and

duplicative), referred to "previously submitted EEOC correspondence and documents included in

Exhibits A-D of the Amended Motion for Judicial Notice," and indicated he "will supplement

production as discovery progresses." *Id.* at 21-22. The only exhibit attached to the Amended

Motion for Judicial Notice is Exhibit D, which is a series of emails regarding Plaintiff's FMLA leave requests. Doc. 38 at 13-17. To the extent Plaintiff intended to incorporate Exhibits A through C of his original Motion for Judicial Notice, those exhibits do not include his communications about discrimination or requests for accommodations. *See* Doc. 37 at 5-18 (Exhibit A: T-Mobile's leave of absence policy; Exhibit B: T-Mobile's employee handbook; Exhibit C: T-Mobile's response to EEOC's request for information). Given that Plaintiff cites exhibits which do not actually include communications, it appears that Plaintiff has not fully responded to this request. Further, Plaintiff offers no argument to support his objections and his promise to supplement, without additional information as to why he cannot currently provide the requested information, is insufficient. The Court grants to the motion to compel as to Request for Production No. 6.

Relatedly, Request for Production No. 14 asks Plaintiff to "[p]roduce all notes, records of communications or other documents that relate to or document any complaint of discrimination or unfair treatment you made while employed by Defendant." Doc. 47-2 at 23. Plaintiff objected to the request as vague, overbroad, and not limited in time or scope. *Id.* at 23. He also objected to the phrase "any complaint of discrimination or unfair treatment" as undefined and subject to multiple interpretations, therefore rendering it vague. *Id.* at 23-24. The Court agrees the request is overbroad and potentially vague. As written, the request could, for example, include text messages Plaintiff sent to a friend complaining about a perceived unfairness with his lunch schedule that is unrelated to the allegations in the complaint. The Court will therefore limit this request to only the relevant information: produce all notes, records of communications, or other documents that relate to or document any complaint of discrimination or unfair treatment related to the allegations in the complaint.

Request for Production No. 7 seeks all documents, including statements, Plaintiff provided to or received from the EEOC, the New Mexico Human Rights Bureau, the New Mexico Department of Workforce Solutions, or any other state civil rights agency regarding any claims filed with those agencies concerning Plaintiff's employment with Defendant. Doc. 47-2 at 22. In response, Plaintiff stated that he "will produce non-privileged documents."[2] Once again, this future promise to provide information, without any explanation as to why the information cannot currently be produced, is insufficient to meet Plaintiff's discovery obligations. The motion to compel is granted as to Request for Production No. 7.

Request for Production No. 15 asks Plaintiff to "[p]roduce all text messages, emails, instant messages, and other communications you exchanged with any individual that relate to the allegations in your Complaint." Doc. 47-2 at 24. Plaintiff objected to the request as overbroad, vague, unduly burdensome, and seeking private or irrelevant information, *id.*—objections which Plaintiff offers no further argument to support. Plaintiff also argued that the request is "not proportional to the needs of the case to the extent it seeks 'all communications' with 'any individuals' without temporal limitation, subject matter specificity, or identification of relevant custodians." *Id.* The request, however, is clearly limited to communications Plaintiff exchanged with others *that relate to the allegations in his complaint*. Lastly, Plaintiff stated that he would "conduct a reasonable search for communications that are relevant to the allegations in the Complaint and not protected by privilege, and will produce any non-privileged, responsive documents in his possession, custody, or control after such review." *Id.* As the Court has

---

[2] Plaintiff also stated that he will withhold "[p]rivileged communications and work product." Doc. 47-2. Because it is unclear at this time what, if any, documents Plaintiff plans to withhold, Plaintiff's potential objection is not ripe for the Court to address. To the extent Plaintiff does withhold information based on a privilege, he must provide a privilege log. *See* Fed. R. Civ. P. 26(b)(5).

previously stated, the non-specific promise to produce responsive documents at some later point is insufficient to meet Plaintiff's discovery obligations. *See* Fed. R. Civ. P 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). The Court grants the motion to compel as to Request for Production No. 15.

Request for Production No. 22 seeks "[a]ll records containing any oral or written statement or anecdotal evidence [Plaintiff] contend[s] constitute 'direct evidence' of discrimination by any officer, agent, director, servant or employee of Defendant." Doc. 47-2 at 26. Plaintiff objected to this request as seeking "premature disclosure of legal theories or contentions that are more appropriately addressed in expert reports, witness depositions, or other procedural phases of litigation." *Id.* The Court disagrees. Rather, the request seeks relevant documents that would directly support Plaintiff's contention of discrimination. Plaintiff also objected to Request for Production No. 22 as vague, overbroad, unduly burdensome, and not proportional to the needs of the case, Doc. 47-2 at 26, but fails to support those objections with any further argument. *See Saiz*, 2024 WL 264051, at *2 ("[T]he party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.") (quoting *Gheesling*, 162 F.R.D. at 650). Lastly, Plaintiff "refers Defendant to documents already provided or cited in prior filings, including exhibits attached to the Amended Motion for Judicial Notice and documents submitted during EEOC investigations," and stated that he will supplement the response as discovery progresses. Doc. 47-2 at 26. It is unclear from this response if Plaintiff has provided the documents submitted during the EEOC investigation to Defendant or if he has other responsive documents to produce. Accordingly, the Court grants the motions to compel as to Request for Production No. 22 and orders that Plaintiff shall provide a complete response. To the extent Plaintiff obtains additional responsive documents in the future,

Plaintiff has a duty to supplement his disclosure by timely producing such documents after receiving them. *See* Fed. R. Civ. P. 26(e).

Request for Production No. 23 asks Plaintiff to "[p]roduce all documents or items of electronically stored information that you contend may constitute an admission or statement against interest by Defendant or its agents." Doc. 47-2 at 26. Plaintiff objected to this request as "vague, overbroad, and not proportional to the needs of the case to the extent it seeks 'all documents' or 'items of electronically stored information' without reasonable limitation in time, scope, or subject matter," *id.* at 27, and the Court agrees. As written, this request does not apply only to admissions or statements against interest Defendant may have made related to facts of this case, but any such statements. And, contrary to Defendant's assertion, this request is not "expressly limited in subject matter to the claims Plaintiff has raised." Doc. 47 at 15. To that end, because the request is not limited in scope to the subject matter of this lawsuit, it is also vague as to what types of admissions or statements against interest it is seeking. *See Regan-Touhy*, 526 F.3d at 649–50 ("A discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and to enable the court to ascertain whether the requested documents have been produced.") (citation modified). The Court will therefore limit this request to only the relevant information: produce all documents or items of electronically stored information that Plaintiff contends may constitute an admission or statement against interest by Defendant or its agents related to the allegations in the complaint.

Request for Production No. 26 asks Plaintiff to produce "all documents supporting [his] contention that Defendant pressured [him] to 'accept a one-year relocation to Kingsburg, California under threat of job termination.'" Doc. 47-2 at 28 (citing Doc. 1 at 9). Plaintiff

objected to the request as "vague, misleading, and argumentative in its phrasing, as it inaccurately characterizes the allegations and context set forth in Plaintiff's Complaint." *Id.* However, in Plaintiff's complaint, he clearly alleges that "[o]n November 16, 2022, Defendant escalated its retaliatory measures by pressuring Plaintiff to accept a one-year relocation to Kingsburg, California under threat of job termination." Doc. 1 at 9 ¶ 31. Given that Defendant's discovery request mirrors the wording in the complaint, it is unclear how this request inaccurately characterizes the allegations in Plaintiff's complaint. The Court overrules this objection.

Next, Plaintiff objected to the request as seeking documents already in Defendant's possession, such as internal communications and directions. Plaintiff is not required to produce documents which are not in his own possession because they are solely in Defendant's possession, but Plaintiff is required to produce all responsive documents in his "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), even if Defendant may also have possession of such documents. Indeed, in response to Request for Production No. 26 Plaintiff also stated that he would "produce or identify responsive non-privileged documents in his possession, custody, or control, to the extent they exist, and will supplement as necessary in accordance with Fed. R. Civ. P. 26(e)." Doc. 47-2 at 28. As previously stated, Plaintiff's non-specific promise to supplement at some future time is insufficient to meet his discovery obligations. For these reasons, the Court grants the motion to compel as to Request for Production No. 26.

    c.   <u>Financial Information: Request for Production Nos. 2 & 5</u>

Request for Production No. 2 asks Plaintiff to produce copies of all paychecks, W-2s, and/or 1099 received from any employer subsequent to his employment with Defendant and Request for Production No. 5 seeks Plaintiff's state and federal tax returns for 2020 through the

present. Doc. 47-2 at 20, 21. Plaintiff objected to both as overbroad and seeking irrelevant information. *Id.* In response to Request for Production No. 5, Plaintiff also stated that he is "willing to meet and confer regarding the scope of this requested [information] and may consider producing limited, relevant financial documentation related solely to claimed lost wages upon the entry of an appropriate protective order." Doc. 47-2 at 21.

Plaintiff provides no further argument to support his objections and the Court agrees with Defendant that the requested information is relevant to Plaintiff's claims for lost wages and Defendant's defense of failure to mitigate damages. *See Alsaadi*, 2024 WL 361367, at *2 (collecting cases and holding that a plaintiff's tax returns were discoverable when the plaintiff put her income at issue by requesting compensatory damages for lost wages, including front and back pay, and lost benefits); *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) ("Tax returns are not generally discoverable. It is only when the plaintiff's income is directly in issue."). The Court also finds these requests are appropriately limited in scope as Request for Production No. 2 seeks only financial information for the time subsequent to Plaintiff's employment with Defendant. And Request for Production No. 5 is appropriately limited to the last 5 years, allowing Defendant to gather comparative financial information from Plaintiff's time employed with Defendant and his time after employment. *See* Doc. 1 ¶ 7 (complaint, alleging Plaintiff resigned in January 2024).

Accordingly, the Court grants the motion to compel as to Request for Production Nos. 2 and 5. To address privacy concerns, Plaintiff may propose a protective order or, absent a protective order, Plaintiff may redact personal identifying information from the records, such as his social security number and date of birth.

d.  Efforts to Mitigate Damages: Request for Production Nos. 13, 24, 25

Related to financial information, Request for Production Nos. 13, 24, and 25 ask Plaintiff to provide information regarding efforts to mitigate his damages. Request for Production No. 13 seeks all documents related to Plaintiff's efforts to obtain employment after separating from Defendant. Doc. 47-2 at 23. Plaintiff objected to this request as overbroad and burdensome, but failed to provide any argument that would allow the Court to evaluate those objections. Plaintiff also stated that he "will produce relevant, non-privileged documentation related to employment efforts post T-Mobile separation." *Id.* Plaintiff's non-specific, future promise to supplement, with no explanation as to why the information cannot be presently provided, is insufficient to comply with his discovery obligation. Accordingly, the Court grants the motion to compel as to Request for Production No. 13.

Request for Production No. 24 seeks all documents related to Plaintiff's attempts to mitigate economic damages. Doc. 47-2 at 27. Plaintiff objected to this request as vague, overbroad, not limited in scope, and seeking private and irrelevant information. Again, however, Plaintiff provides no further argument to substantiate these objections. And the Court finds, as discussed above, that given Plaintiff's request for economic damages, this information is relevant. *See Wang*, 2022 WL 1500779, at *4 ("Wrongfully discharged claimants have an obligation to use reasonable efforts to mitigate their damages, including plaintiffs seeking back pay or front pay.") (internal quotation marks and citations omitted). Indeed, Plaintiff "interprets this request as seeking documentation related to post-employment job searches and efforts to secure alternative employment for the purpose of mitigating alleged economic damages." Doc. 47-2 at 27. The Court agrees with this interpretation.

Lastly, Plaintiff stated in response to Request for Production No. 24 that "[s]ubject to and without waiving these objections, . . . he has made good faith efforts to obtain employment following separation from Defendant, including general online applications and inquiries through public employment platforms. Responsive documentation, to the extent it exists and is retrievable, will be produced or supplemented in accordance with Fed. R. Civ. P. 26(e) and any protective order entered in this matter." Doc. 47-2 at 27. Again, Plaintiff's non-specific promise to supplement is insufficient. For these reasons, the Court grants the motion to compel as to Request for Production No. 24. To address privacy concerns, Plaintiff may propose a protective order or, absent a protective order, Plaintiff may redact personal identifying information from the documents.

Request for Production No. 25 asks Plaintiff to "produce copies of all unemployment benefits, disability benefits, and other sources of income received since your termination." Doc. 47-2 at 27. Plaintiff raised several objections (overbroad, not proportional, not limited in scope, irrelevant, seeks private information) while also stating that he "will consider producing responsive documents relating to unemployment benefits, if applicable, solely to the extent such information may relate to mitigation of damages." *Id.* at 27-28. In its motion to compel, Defendant confirms that the requested information is "limited to Plaintiff's job search and mitigation effort following the termination of his employment with Defendant." Doc. 47 at 18. Indeed, the Court agrees that the request for unemployment benefits, disability benefits, and other sources of income is relevant to Plaintiff's claim for economic damages and any mitigation. And Plaintiff fails to support his summarily-asserted objections. As such, the Court grants the motion to compel as to Request for Production No. 25. To address privacy concerns, Plaintiff

may propose a protective order or, absent a protective order, Plaintiff may redact personal identifying information from the documents.

## CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel Plaintiff to Fully Respond to Discovery Requests (Doc. 47). Within **30 days** of the entry of this Order, Plaintiff shall respond to Defendant's First Set of Interrogatories and Requests for Production as follows:

- Interrogatory No. 4: provide a compete response;

- Interrogatory No. 5: to the extent Plaintiff is withholding any information in response to this Interrogatory based on an assertion of attorney-client privilege or work product, Plaintiff must produce the withheld information;

- Interrogatory No. 6: provide a complete response;

- Interrogatory No. 7: provide a response limited to disability-related allegations specific to this matter;

- Interrogatory No. 18: provide a complete response;

- Request for Production No. 1: provide a complete response;

- Request for Production No. 2: provide a complete response, but personal identifying information may be subject to a protective order or redacted;

- Request for Production No. 4: produce any lists, diaries, notes, or calendars kept by Plaintiff that describe, refer to, or relate to the alleged discrimination and retaliation in the complaint;

- Request for Production No. 5: provide a complete response, but personal identifying information may be subject to a protective order or redacted;

- Request for Production No. 6: provide a complete response;

- Request for Production No. 7: provide a complete response;

- Request for Production No. 13: provide a complete response;

- Request for Production No. 14: produce all notes, records of communications, or other documents that relate to or document any complaint of discrimination or unfair treatment related to the allegations in the complaint;

- Request for Production No. 15: provide a complete response;

- Request for Production No. 17: execute and produce a signed authorization to release medical records, as set forth in Appendix A to the District of New Mexico Civil Local Rules, for each provider Plaintiff lists in response to Interrogatory No. 18;

- Request for Production No. 22: provide a complete response;

- Request for Production No. 23: produce all documents or items of electronically stored information that Plaintiff contends may constitute an admission or statement against interest by Defendant or its agents related to the allegations in the complaint;

- Request for Production No. 24: provide a complete response, but personal identifying information may be subject to a protective order or redacted;

- Request for Production No. 25: provide a complete response, but personal identifying information may be subject to a protective order or redacted; and

- Request for Production No. 26: provide a complete response.

The motion to compel is denied as to all other requests.

Lastly, because the Court grants in part and denies in part the motion to compel, the Court denies each side's request for attorney's fees and costs. *See* Fed. R. Civ. P. 37(5)(C).

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**UNITED STATES MAGISTRATE JUDGE**