IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS MATURIN,

      Plaintiff,

vs.                                                                                        Civ. No. 24-1125 JCH/SCY

T-MOBILE USA, INC.,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Presently before the Court are Plaintiff's and Defendant's cross motions for sanctions. Docs. 56, 67, 73. The Honorable Judith C. Herrera referred these motions to me for a recommended disposition. Doc. 68. For the reasons discussed below, I recommend the Court deny both parties' request for terminating sanctions against the other, but impose various lesser sanctions on Plaintiff.

BACKGROUND

Plaintiff filed this lawsuit on November 1, 2024, alleging that he suffers from a chronic, life-long disability and that his former employer, T-Mobile USA, Inc., engaged in retaliatory and discriminatory conduct in violation of the Americans with Disabilities Act and the Family and Medical Leave Act, eventually leading to his constructive discharge. Doc. 1. Shortly after Defendant appeared in the case, but before the Court issued a scheduling order, Plaintiff filed a motion to strike Defendant's answer, Doc. 16, and a motion for sanctions, Doc. 21. The Court denied the bulk of the motion to strike (except as to a jurisdictional affirmative defense) and denied the motion for sanctions, finding that Plaintiff's grounds for requesting sanctions were "completely baseless," or "lack[ed] merit." Doc. 36 at 15. Indeed, the Court found that

> Plaintiff's motion for sanctions is itself frivolous, lacking in merit, and based on a misunderstanding of the process by which cases proceed under the Federal Rules of Civil Procedure. Moreover, in his motion Plaintiff requests monetary sanctions in the amount of "$355.69 quintillion ($355,687,428,096,000,000,000)". (Pl.'s Mot. 27, ECF No. 21.) That request is quite simply ludicrous.

*Id.* at 17. As such, the Court warned "Plaintiff to familiarize himself with the rules and to carefully consider his own future filings to ensure that they satisfy Rule 11(b)." *Id.* at 18. Thereafter, Plaintiff filed a motion for judicial notice, Doc. 38, which the Court denied, Doc. 53.

On February 20, 2025, the Court held a scheduling conference and set case management deadlines. Doc. 25. Under the scheduling order, discovery was due by August 19, 2025 and pretrial motions were due by September 18, 2025. *Id.* The Court also set a telephonic status conference for May 22, 2025, to discuss the status of discovery and whether to set a settlement conference. Doc. 26. On April 17, 2025, Defendant filed a motion to compel discovery, arguing that Plaintiff failed to respond to certain written discovery requests. Doc. 47. Given this pending discovery motion, the Court vacated the status conference. Doc. 52. On July 9, 2025, the Court granted in part and denied in part Defendant's motion to compel, ordering Plaintiff to respond to certain interrogatories and requests for production by August 8, 2025. Doc. 55. Plaintiff then objected, under Rule 72(a), to the portion of this Order that granted in part Defendant's motion to compel. Doc. 65.

On July 1, 2025, Plaintiff filed a motion for terminating sanctions. Doc. 54. On July 11, 2025, before Defendant filed a response, Plaintiff filed the present Amended Motion for Terminating Sanctions Due to Systemic Discovery Abuse and Litigation Misconduct. Doc. 56, 61; *see also* Doc. 62 (response); Doc. 69 (reply). Given the amended motion for terminating sanctions, the Court denied as moot the original motion for terminating sanctions. Doc. 59. Shortly thereafter, Plaintiff filed a motion to stay proceedings pending resolution of the motion

for sanctions, Doc. 57, which the Court denied, Doc. 71. On August 4, 2025, Defendant filed its cross motion for sanctions. Doc. 67. Plaintiff failed to respond to this motion and, on August 26, 2025, Defendant filed a supplement to its motion for sanctions. Doc. 73. Plaintiff also failed to respond to the supplement. The Honorable Judith C. Herrera referred the cross motions for sanctions to me for a recommended disposition. Doc. 68. Plaintiff moved to vacate the referral order, Doc. 72, which is still pending.

## LEGAL STANDARDS

"Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). Additionally, several Rules, as relevant to this case, provide the Court authority to issue sanctions.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," including "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Federal Rule of Civil Procedure 11 provides that

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented

> party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

Fed. R. Civ. P. 11(b)(1)-(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Such sanctions may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

"Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks and citation omitted). Therefore, "[b]efore choosing dismissal as a just sanction, a court should ordinary consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 920-21 (10th Cir. 1992) (internal citations omitted)).

## DISCUSSION

**1. Plaintiff's Motion for Sanctions**

In over 103 pages of briefing, Plaintiff requests "terminating sanctions" against Defendant for discovery violations. *See e.g.*, Doc. 56 at 1 ("This request arises from Defendant's egregious discovery misconduct, withholding of relevant materials, suppression of comparator evidence and policies, fraudulent certifications, litigation sabotage, and systemic abuse of the judicial process."). Fatal to Plaintiff's request for sanctions is that he has not identified any specific discovery violation. Indeed, Rule 37(b)(2)(A) provides for sanctions against a party who fails to obey a court order for discovery. But Plaintiff has not filed a motion to compel and there is no court order directing Defendant to provide discovery. For example, Plaintiff argues that Defendant failed to produce three documents: bereavement policy, code of conduct, and leave of absence (FMLA) policy. Doc. 56 at 6-7. Plaintiff, however, did not move to compel their production before jumping to a request for sanctions and so the Court has had no opportunity to determine whether Defendant failed to provide the sought-after discovery as part of the normal discovery process.[1] Plaintiff also argues that Defendant improperly filed its motion to compel, including failing to first meet and confer—arguments which this Court already rejected when deciding the motion to compel. *See* Doc. 55.

I also find no merit in Plaintiff's allegations of abuse of the judicial process. For example, in his supplement to the motion for sanctions, Plaintiff alleges that Defendant willfully obstructed discovery by transmitting discovery material "through links preset to expire before [the] discovery deadlines." Doc. 61 at 2. In response, Defendant explains that Plaintiff never

---

[1] Plaintiff also attached to his motion for sanctions the bereavement policy, code of conduct, and leave of absence policy, Doc. 56 at 38, 39, 62, so it is unclear what further information he seeks as to those documents.

requested renewed links; even so, it promptly provided Plaintiff another link to access the material. Doc. 62 at 4-5. Such an action does not evidence willful obstruction of the discovery process.

In sum, because there has been no finding that Defendant committed any discovery violations or abused the judicial process, I recommend the Court deny Plaintiff's request for sanctions, including Plaintiff's request for damages.[2]

Lastly, in its response to Plaintiff's motion for sanctions, Defendant requests an award of "attorney's fees and costs incurred in responding to this frivolous motion pursuant to Rule 37(a)(5)(B)." Doc. 62 at 13. Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a Court denies a motion for an order compelling disclosure or discovery, the Court must award "reasonable expenses incurred in opposing the motion," unless the "motion was substantially justified or other circumstances make and award of expenses unjust." Here, however, Plaintiff's motion was not for an order compelling disclosure or discovery. Indeed, fatal to Plaintiff's motion is that he did not move to compel discovery before seeking terminating sanctions for discovery violations. Thus, Rule 37(a)(5)(B) is inapplicable.

Defendant also requests "that the Court consider whether additional sanctions against Plaintiff are appropriate given his pattern of filing procedurally defective motions, his violation of Local Rule 26.6, and his failure to comply with his own discovery obligations while seeking extreme sanctions against T-Mobile." Doc. 62 at 13. Because Defendant filed a separate motion

---

[2] In its response brief, Defendant argues that Plaintiff cannot satisfy the *Ehrenhaus* factors required for terminating sanction. Doc. 62 at 5 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992)). Because I find that no sanctions are appropriate, I need not address the *Ehrenhaus* factors to determine if terminating sanctions are appropriate.

6

seeking other such sanctions, I will address this request below, together with Defendant's motion for sanctions.

### 2. Defendant's Motion for Sanctions

Defendant requests sanctions against Plaintiff due to his "ongoing efforts to mislead this Court through fabricated legal citations, frivolous pleadings filed despite express judicial warnings, and bad-faith litigation tactics designed to harass and burden T-Mobile." Doc. 67 at 1. Specifically, it alleges that Plaintiff has (1) "falsified legal citations across multiple pleadings, including fabricating case names, citations, and holdings"; (2) "continued filing frivolous motions after this Court's express warning in its March 4, 2025 Order"; and (3) "failed to comply with his own discovery obligations while simultaneously seeking terminating sanctions against T-Mobile." *Id.* at 1-2. Defendant's argument in favor of points one and two, however, are collapsed into a single argument: Plaintiff's fabrication of citations, in addition to being sanctionable on their own, also render his filings frivolous.[3] Having verified Defendant's assertion of false citations, I summarize those citations below:[4]

---

[3] Defendant also summarily alleges that Plaintiff has filed frivolous motions including "the original Motion for Terminating Sanctions, the First Amended Motion for Terminating Sanctions, a procedurally improper Motion to Stay on July 14, 2025, and procedurally improper Objections and Motion to Set Aside." Doc. 67 at 14. Defendant makes no further argument, such as explaining how the motions were procedurally improper, and so I do not consider this argument when addressing its request for sanctions.

[4] In addition to arguing that Plaintiff relied on fictional legal authority, Defendant argues that Plaintiff mischaracterized the holding of several real cases. Doc. 67 at 5, 6-9, 10-11, 12. Intentionally mischaracterizing the holding of a case would provide grounds for sanctions whereas an unintentional mischaracterization made in good faith by a pro se litigant would not. The Court has insufficient information to conclude that Plaintiff intentionally mischaracterized the holdings of real cases Plaintiff cited. Therefore, Defendant's allegations that Plaintiff mischaracterized the holdings of real cases provide insufficient grounds to support sanctions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

- Plaintiff's first Motion for Sanctions, Doc. 21, page 2: Plaintiff cites *Rogers v. NYU Langone Hospitals,* 2023 WL 2705769, which does not exist;

- Plaintiff's second Motion for Sanctions, Doc. 54, pages 3, 7, 13: Plaintiff cites *Ford v. BNSF Ry. Co.*, 709 F.3d 715 (10th Cir. 2013), which does not exist;[5]

- Plaintiff's second Motion for Sanctions, Doc. 54, page 3, 7, 8, 11, 18: Plaintiff cites *Keller v. Bd. of Educ.*, 182 F.R.D. 871, 873 (D.N.M. 1998), which does not exist;[6]

- Plaintiff's Rule 72 Objections, Doc. 65, page 3: Plaintiff again cites *Ford v. BNSF Ry. Co.*, 709 F.3d 715 (10th Cir. 2013), which does not exist; and

- Plaintiff's Rule 72 Objections, Doc. 65, pages 3, 7: Plaintiff again cites *Keller v. Bd. of Educ.*, 182 F.R.D. 871 (D.N.M. 1998), which does not exist.

As to Defendant's third allegation—that Plaintiff failed to comply with his own discovery obligations while simultaneously seeking terminating sanctions against T-Mobile—in its supplement Defendant explains that despite the Court's July 9, 2025 Order granting in part Defendant's motion to compel and ordering Plaintiff to provide certain discovery responses by August 8, Doc. 55, Plaintiff has not provided the required discovery responses. Further, Defendant explains that, on July 16, 2025, it sent Plaintiff a notice of deposition to take place on August 15, 2025, Doc. 60, along with an email asking Plaintiff to advise defense counsel if a better date works for him, sometime between his August 8 deadline to provide discovery

---

[5] A similarly named case exists from a different court: *Ford v. BNSF Ry. Co.*, No. C16-1383 RSM, 2017 WL 6209582, at *1 (W.D. Wash. Dec. 8, 2017).

[6] A similarly named case exists from a different year: *Keller v. Bd. of Educ. of City of Albuquerque, N.M.*, 182 F. Supp. 2d 1148 (D.N.M. 2001).

8

responses and the August 19 close of discovery, Doc. 73-1 at 9.[7] Plaintiff failed to request a different time for his deposition and failed to show up for the August 15 deposition. Doc. 73-1 at 3.

The sanctions Defendant requests are dismissal of Plaintiff's lawsuit, "compensation for the expenses incurred in responding to Plaintiff's falsified citations and frivolous motions, monetary sanctions proportionate to the severity of Plaintiff's misconduct, and consideration of further sanctions the Court deems appropriate to address Plaintiff's pattern of false citations." Doc. 67 at 16. I will first address Defendant's request for terminating sanctions before turning to its request for monetary sanctions. In deciding whether to recommend terminating sanctions, I must consider the *Ehrenhaus* factors.

*The degree of actual prejudice to the defendant.* I find the degree of actual prejudice to Defendant is limited. As to the false citations, three of the citations appeared in Plaintiff's motions that have been denied in Defendant's favor. *See* Doc 36 (denying Plaintiff's motion for sanctions); Doc. 59 (denying Plaintiff's second motion for sanctions). While the other two false citations appear in a motion that is still pending, Plaintiff's Objections (Doc. 65), they are repeats of citations used in the denied motions. And to the extent the citations would change the outcome of the pending motion, the Court is now sufficiently aware that those citations are to cases that do not exist.

The missing discovery and Plaintiff's missed deposition likely cause more prejudice to Defendant as it has been unable to engage in basic discovery with Plaintiff. However, Defendant has moved for summary judgment on all claims asserted by Plaintiff, indicating it has enough

---

[7] On July 28, 2025, Defendant amended the notice of deposition to change the location only. Doc. 64; Doc. 73-1 at 14.

factual information for dispositive motions practice. Doc. 75. The main prejudice Defendant points to is that it "expended significant time and resources to prepare for Plaintiff's deposition, all for nothing." Doc. 73 at 4. This prejudice can be cured by a lesser sanction than dismissal, as discussed further below.

*The amount of interference with the judicial process.* This factor weighs against Plaintiff. As to the false citations, the Court expects litigants to have verified the citations used in all briefing. To the extent Plaintiff used artificial intelligence for assistance with briefing, Plaintiff is reminded and advised that any information coming from artificial intelligence must be reviewed for accuracy before filing with the Cout, as is a litigant's duty under Rule 11.

As to the discovery violations, the Court has already expended time and resources addressing Defendant's motion to compel and ordering Plaintiff to provide discovery, Doc. 55, which Plaintiff failed to comply with. The Court is now forced to expend additional time and resources crafting sanctions related to Plaintiff's failure to comply.

*The culpability of the litigant.* This factor also weighs against Plaintiff. After Plaintiff filed his first brief with a citation to a non-existent case, Defendant filed a response specifically pointing out the false citation. Doc. 28 at 5-6 (response to motion for sanction, pointing out that the case *Rogers v. NYU Langone Hospitals* does not exist). Despite this alert, Plaintiff cited non-existent cases in two subsequent motions. Doc. 54 at 3, 7, 8, 11, 13, 18; Doc. 65 at 3, 7.

Also, I find Plaintiff culpable for failing to provide the discovery which the Court has already ordered him to provide and for failing to attend his deposition without any communication to Defendant. Indeed, Plaintiff did not file a response to either Defendant's motion for sanctions or its supplement, so he has provided no explanation for the missing discovery.

*Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.* When denying Plaintiff's first motion for sanctions, the Court warned "Plaintiff to familiarize himself with the rules and to carefully consider his own future filings to ensure that they satisfy Rule 11(b)." Doc. 36 at 18. Warning Plaintiff of his obligations under Rule 11, however, is different than a warning that violations of the Rule 11, such as citing non-existent cases, or failing to provide discovery would result in dismissal of his case. Accordingly, this factor weighs in favor of Plaintiff.

*The efficacy of lesser sanctions.* The four *Ehrenhaus* factors discussed above balance fairly evenly. However, I find that this last factor—the efficacy of lesser sanctions—tips the balance towards imposing a lesser sanction than dismissal of the case. Starting first with sanctions for Plaintiff's use of false citations, Defendant argues that "[v]erifying Plaintiff's fabricated authorities has placed a substantial burden on the Defendant, consuming considerable time and resources in responding to his motions." Doc. 67 at 13. The Court has no doubt that Plaintiff's use of false citations increased the amount of time Defendant needed to respond to Plaintiff's motions. Further, Plaintiff's use of false citations caused Defendant to spend extra time gathering and verifying Plaintiff's false citations for its present motion for sanctions. Requiring Plaintiff to pay the reasonable attorney's fees and expenses Plaintiff's use of false citations caused Defendant to expend, however, is an effective lesser sanction. As a result, I recommend, under the Court's inherent power, ordering Plaintiff to pay reasonable attorney's fees and costs that Defendant incurred investigating the false citations when responding to Plaintiff's various motions and to pay Defendant's reasonable attorney's fees and costs related to the present motion for sanctions (Doc. 67) and supplement (Doc. 73).

11

Additionally, to the extent Plaintiff is using artificial intelligence in drafting any court filings, I recommend that Plaintiff be required to disclose such usage and certify, under Rule 11, that he has verified all information, including all case citations, provided by the artificial intelligence.

As to Plaintiff's discovery obligations, I recommend that the Court order Plaintiff to provide the discovery previously ordered in the Court's Order granting the motion to compel (Doc. 55), and that he be ordered to appear for a deposition. I also recommend that, under Rule 37(b)(2)(C), Plaintiff be required to pay for Defendant's reasonable expenses, including attorney's fees, related to Plaintiff's failure to appear for the August 15 deposition. That is, I do not recommend that the Court award fees and expenses for Defendant's prep work for Plaintiff's deposition, as that work can be used at Plaintiff's reset deposition. I only recommend that Plaintiff pay Defendant's attorneys fees and costs related to the actual missed deposition. Because Plaintiff did not file a response to Defendant's motion for sanctions or the supplement, he offered no explanation for missing his deposition. As such, I do not find that his failure to appear for the deposition was substantially justified or that any other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C).

## RECOMMENDATION

For the reasons discussed above, I recommend that the Court DENY Plaintiff's Amended Motion for Terminating Sanctions Due to Systemic Discovery Abuse and Litigation Misconduct (Doc. 56).

I further recommend that the Court GRANT IN PART and DENY IN PART Defendant's Motion for Sanctions Against Plaintiff for Bad Faith Conduct and Frivolous Pleadings (Doc. 67) and Defendant's Supplement to its Motion for Sanctions Against Plaintiff for Bad Faith Conduct

and Frivolous Pleadings (Doc. 73). I recommend that the Court deny Defendant's request to dismiss Plaintiff's case, but that it grant the following sanctions:

- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, necessary to investigate any of the false citations Plaintiff used in any filings;
- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, related to Defendant's motion for sanctions (Doc. 67) and the supplement (Doc. 73);
- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, related to Plaintiff's failure to appear at his August 15, 2025 deposition;
- within 10 days of the Court adopting this Proposed Findings and Recommended Disposition ("PFRD"), require Plaintiff to provide complete discovery responses as ordered in the Court's July 9, 2025 Order Granting in Part and Denying in Part Motion to Compel (Doc. 55);
- within 5 days of the Court adopting this PFRD, require Plaintiff to provide Defendant a list of 5 dates, all which fall on business days (not weekends or federal holidays) within the subsequent 30 days, that he is available for his deposition and require that he attend a deposition as set by Defendant on one of those dates; and
- in all future court filings, require Plaintiff to disclose whether he used artificial intelligence in drafting the filing and, if he did, require him to certify, under Rule 11, that he has verified all information, including all case citations, provided by the artificial intelligence.

Lastly, I recommend the Court warn Plaintiff that, should the Court adopt these recommendations, failure to comply with any Court order or sanction may result in dismissal of

his case. I also recommend that Defendant may renew its motion for sanctions should Plaintiff fail to complete any of the ordered obligations.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**