IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS MATURIN,**

      **Plaintiff,**

v.                                                         **Case No. 24-cv-1125 JCH/SCY**

**T-MOBILE USA, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: (i) Plaintiff Carlos Maturin's *Motion for Summary Judgment Based on Systemic Due Process Violations, Judicial Obstruction, and Structural Contempt of Court under Federal Law and Constitutional Authority* (Dkt. No. 82); (ii) Defendant T-Mobile USA, Inc.'s *Motion to Strike Plaintiff's Motion for Summary Judgment* (Dkt. No. 83); (iii) Plaintiff's *Supplemental Authority in Support of Plaintiff's Motion for Summary Judgment* (Dkt. No. 85); and (iv) Defendant's *Motion for Conditional/Alternative Relief* (Dkt. No. 86). Having considered the motions, briefs, record, and relevant law, the Court finds that Defendant's motion to strike and motion for conditional relief should both be granted, and Plaintiff's motion for summary judgment and supplement thereto should be stricken for untimeliness.

      **I.**      **BACKGROUND**

Plaintiff, proceeding pro se, asserts disability discrimination and retaliation claims against his former employer, T-Mobile USA, Inc. *See* Compl, Dkt. No. 1. On February 20, 2025, the Court entered an *Order Setting Case Management Deadlines and Discovery Parameters* (Dkt. No. 25).

Under the scheduling order, discovery was due by August 19, 2025, discovery motions were due by September 9, 2025, and other pretrial motions were due by September 18, 2025. *Id.* at 2.

Approximately two months after the pretrial motions deadline passed, on November 17, 2025, Plaintiff filed his motion for summary judgment (Dkt. No. 82). On November 19, 2025, Defendant moved to strike Plaintiff's motion for summary judgment because it was untimely filed, and because Plaintiff did not seek leave of court prior to filing it. Def.'s Mot. to Strike 1-2, Dkt. No. 83. Six days later, Plaintiff filed a 25-page *Supplemental Authority in Support of Plaintiff's Motion for Summary Judgment* (Dkt. No. 85). Defendant subsequently filed a *Motion for Conditional/Alternative Relief* (Dkt No. 86), seeking to strike both Plaintiff's motion for summary judgment and the supplement because they were untimely filed, or alternatively, to order that Defendant is not required to respond to Plaintiff's motion for summary judgment until the Court so determines otherwise. Plaintiff also submitted a *Reply to Defendant's Motion to Evade Summary Judgment* (Dkt. No. 87).

## II. ANALYSIS

Under Rule 16 of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotations and brackets omitted). A party may satisfy Rule 16's "good cause" requirement by showing, for instance, that the party learned new information through discovery or that the underlying law changed. *Id.* District of New Mexico Local Rule 56.1 provides that the Court will not consider motions for summary judgment "unless filed within the deadline set in the Rule 16 Scheduling Order." D.N.M. Local Civ. R. 56.1(a).

Plaintiff filed his motion for summary judgment approximately two months after the deadline for dispositive motions set forth in the Court's Scheduling Order. Plaintiff did not request Court approval to modify the scheduling order. Nor has he satisfied the good-cause standard for modifying the scheduling order. Accordingly, the Court will strike Plaintiff's motion for summary judgment and the supplement thereto based on untimeliness under Rule 16(b)(4).

Plaintiff additionally requests sanctions in the form of prohibiting Plaintiff from continuing to file frivolous and inappropriate pleadings that drive up the cost of litigation. The Court finds that Plaintiff has engaged in a pattern of filing frivolous or meritless motions in this case that are driving up the cost of litigation and imposing an unnecessary burden on court resources and that filing restrictions are appropriate moving forward. Because the filing deadline for filing pretrial motions has passed, Plaintiff may not file any pretrial motion without first obtaining leave of the Court. To obtain such leave, Plaintiff may file a motion of no more than three pages in length requesting permission to file a motion and setting forth reasons in accordance with Rule 16(b)(4). Defendant need not respond to any pretrial motions filed by Plaintiff until the Court gives permission for Plaintiff to file a pretrial motion. Plaintiff's failure to adhere to this Order and the federal and local rules will result in the motion being stricken and possible additional sanctions.

**IT IS THEREFORE ORDERED** that:

1. Defendant's *Motion to Strike Plaintiff's Motion for Summary Judgment* (**Dkt. No. 83**) is **GRANTED**.

2. Plaintiff's *Motion for Summary Judgment Based on Systemic Due Process Violations, Judicial Obstruction, and Structural Contempt of Court under Federal Law and Constitutional Authority* (**Dkt. No. 82**) is **STRICKEN**.

3. Defendant's *Motion for Conditional/Alternative Relief* (**Dkt No. 86**) is **GRANTED**.

4. Plaintiff's *Supplemental Authority in Support of Plaintiff's Motion for Summary Judgment* (**Dkt. No. 85**) is **STRICKEN**.

5. Plaintiff may not file any pretrial motion without first obtaining leave of the Court. To obtain such leave, Plaintiff may file a motion of no more than three pages in length requesting permission to file a motion and setting forth reasons in accordance with Rule 16(b)(4).

_____
SENIOR UNITED STATES DISTRICT JUDGE