IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS MATURIN,

       Plaintiff,

v.

                                           Civ. No. 24-1125 JCH/SCY

T-MOBILE USA, INC.,

       Defendant.

**ORDER REGARDING OBJECTIONS AND
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Steven C. Yarbrough's November 25, 2025 *Proposed Findings And Recommended Disposition* ("PFRD") (Dkt. No. 84), and his December 15, 2025 *Amended Proposed Findings And Recommended Disposition* ("Amended PFRD") (Dkt. No. 91). In the PFRD, Judge Yarbrough recommends that the Court deny Plaintiff's *Amended Motion for Terminating Sanctions Due to Systemic Discovery Abuse and Litigation Misconduct* (Dkt. No. 56) and grant in part and deny in part Defendant's *Motion for Sanctions Against Plaintiff for Bad Faith Conduct and Frivolous Pleadings* (Dkt. No. 67) and Defendant's *Supplement to its Motion for Sanctions Against Plaintiff for Bad Faith Conduct and Frivolous Pleadings* (Dkt. No. 73). PFRD 12-13, Dkt. No. 84. Judge Yarbrough notified the parties that they had 14 days from service of the PFRD to file any objections to the PFRD. *Id*. at 14.

On December 8, 2025, Defendant filed objections to a portion of the PFRD regarding discovery sanctions against Plaintiff. Def.'s Obj., Dkt. No. 90. Defendant requested that "the Court decline to adopt the portions of the Magistrate Judge's recommendation requiring Plaintiff to provide discovery responses and appear for deposition." *Id*. at 6. On December 15, 2025, Judge

1

Yarbrough issued an Amended PFRD, amending the recommended sanctions to be imposed against Plaintiff. *See* Am. PFRD 2-3, Dkt. No. 91. Given Defendant's preference not to reopen discovery, Judge Yarbrough withdrew that recommendation and considers discovery to be closed. *Id.* at 2. Consequently, Judge Yarbrough recommends this Court sustain Defendant's objections (Dkt. No. 90). In addition, he recommends the Court deny Plaintiff's amended motion for terminating sanctions (Dkt. No. 56), deny Defendant's request to dismiss Plaintiff's case as a sanction, but grant Defendant's motion for sanctions as to the following:

- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, necessary to investigate any of the false citations Plaintiff used in any filings;
- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, related to Defendant's motion for sanctions (Doc. 67) and the supplement (Doc. 73);
- require Plaintiff to pay Defendant's reasonable expenses, including attorney's fees, related to Plaintiff's failure to appear at his August 15, 2025 deposition;
- in all future court filings, require Plaintiff to disclose whether he used artificial intelligence in drafting the filing and, if he did, require him to certify, under Rule 11, that he has verified all information, including all case citations, provided by the artificial intelligence.

Am. PFRD 2, Dkt. No. 91. Finally, he recommends that the Court "warn Plaintiff that, should the Court adopt these recommendations, failure to comply with any Court order or sanction may result in dismissal of his case." *Id.* at 3. Judge Yarbrough again notified the parties that they had 14 days from service of the Amended PFRD to file any objections. *Id*. On December 18, 2025, Plaintiff filed objections (Dkt. No. 92).

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record and all parts of the PFRDs that have been properly objected to. After conducting this de novo review, and having thoroughly considered the PFRDs and the objections, the Court finds Plaintiff's objections to be without merit and finds no reason either in law or fact

2

to depart from the recommendations in Judge Yarbrough's PFRD, as amended by the Amended PFRD.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's *Objection to Portions of Magistrate Judge's Proposed Findings and Recommended Disposition* (Dkt. No. 90) are **SUSTAINED**, as provided in the *Amended Proposed Findings and Recommended Disposition* (Dkt. No. 91);

2. Plaintiff's *Formal Arguments, Objections and Rejections to the Magistrate Judge's Report and Proposed Recommendations* (Dkt. No. 92) are **OVERRULED**;

3. The Court **ADOPTS** Judge Yarbrough's *Proposed Findings and Recommended Disposition* (**Dkt. No. 84**), as amended by Judge Yarbrough's *Amended Proposed Findings and Recommended Disposition* (**Dkt. No. 91**);

4. Plaintiff's *Amended Motion for Terminating Sanctions Due to Systemic Discovery Abuse and Litigation Misconduct* (**Dkt. No. 56**) is **DENIED**;

5. Defendant's *Motion for Sanctions Against Plaintiff for Bad Faith Conduct and Frivolous Pleadings* (**Dkt. No. 67**) and Defendant's *Supplement to its Motion for Sanctions Against Plaintiff for Bad Faith Conduct and Frivolous Pleadings* (**Dkt. No. 73**) are **GRANTED IN PART AND DENIED IN PART**. Defendant's request to dismiss Plaintiff's case is **DENIED**, but its request for sanctions is **GRANTED** as follows:

    a. Plaintiff must pay Defendant's reasonable expenses, including attorney's fees, necessary to investigate any of the false citations Plaintiff used in any filings;

    b. Plaintiff must pay Defendant's reasonable expenses, including attorney's fees, related to Defendant's motion for sanctions (Dkt. No. 67) and its supplement (Dkt. No. 73);

    c. Plaintiff must pay Defendant's reasonable expenses, including attorney's fees, related to Plaintiff's failure to appear at his August 15, 2025 deposition; and

    d. In all future court filings, Plaintiff must disclose whether he used artificial intelligence in drafting the filing and, if he did, he must certify, under Rule 11, that he has verified all information, including all case citations, provided by the artificial intelligence.

6. Within 14 days of the entry of this Order, Defendant shall file an affidavit outlining the attorney's fees and costs it requests for the above categories. Within 14 days after Defendant files an affidavit, Plaintiff may file any objections he has to the amount Defendant requests.

7. Lastly, Plaintiff is advised that failure to comply with any Court order or sanction may result in dismissal of his case. Additionally, Defendant may move for further sanctions should Plaintiff fail to complete any of the ordered obligations.

**IT IS SO ORDERED**.

                                                                   _____
                                                            SENIOR UNITED STATES DISTRICT JUDGE