**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS MATURIN,

       Plaintiff,

v.                                       Civ. No. 24-1125 JCH/SCY

T-MOBILE USA, INC.,

       Defendant.

**<ins>MEMORANDUM OPINION AND ORDER</ins>**

This matter comes before the Court on the following motions: (1) *Plaintiff's Rule 72(a) Objections and Motion to Set Aside Magistrate Judge's Order (Doc. 55) with Supplemental Motion to Vacate under Rule 60(b)(4) due to Legal Voidness and Systemic Prejudice* (Dkt. No. 65) ("Objections"); (2) *Plaintiff's Motion to Vacate Order of Reference (Doc. 68)* (Dkt. No. 72) ("Motion to Vacate"); and (3) *Plaintiff's Motion for Default Judgment with Reaffirmation of Systemic Due Process Deprivations, Structural Judicial Partiality, Constitutional Bias, and Institutional Breach of Judicial Integrity in Direct Contravention of Supreme Court Precedent, Federal Law, Local Rules, and the Code of Conduct for United States Judges* (Dkt. No. 78) ("Motion for Default Judgment"). The Court, having considered the objections and motions, the briefs, and the law, concludes that Plaintiff's Objections should be overruled and the requests for relief requested therein should be denied. Additionally, Plaintiff's Motion to Vacate and Motion for Default Judgment will be denied.

    **I.**       **Plaintiff's Objections**

On July 9, 2025, the Honorable Steven C. Yarbrough entered an *Order Granting in Part and Denying in Part Motion to Compel* (Dkt. No. 55). Nineteen days later, on July 28, 2025, Plaintiff filed Rule 72(a) objections to the Order. Pl.'s Obj., Dkt. No. 65. Rule 72(a) allows a party to file objections to a non-dispositive order "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Plaintiff's objections are untimely and will be overruled. Alternatively, the objections are without merit and should be overruled. Finally, Plaintiff's request to set aside or vacate Judge Yarbrough's Order under Federal Rule of Civil Procedure 60(b)(4) is likewise without merit, as are the other requests set forth in the Objections. Consequently, all the requests for relief made in Plaintiff's Objections will be denied.

## II.    Plaintiff's Motion to Vacate

Plaintiff filed a Motion to Vacate this Court's Order of Reference. Plaintiff argues judicial and "structural bias," as well as violations of due process and equal protection. Pl.'s Mot. to Vacate 1-4, Dkt. No. 72. This Court entered the Order of Reference under its authority in 28 U.S.C. § 636(b)(1). Plaintiff, as the moving party, has a substantial burden to establish that the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). A judge has a duty to disqualify herself in any proceeding where her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge, however, has an obligation not to recuse when there is no cause for him to do so. *See Hinman*, 831 F.2d at 939. Plaintiff has not shown that the magistrate judge is biased against him personally or as a pro se litigant. Nor has he established that Judge Yarbrough's impartiality might reasonably be questioned. The record shows no violations of due process or equal protection. There are no valid grounds for vacating the Court's Order of Reference.

Additionally, Plaintiff requests the Court "Vacate Docs. 52, 55, and 71"; "Restore the controlling procedural regime of Doc. 25"; "Reassign all dispositive matters back to Judge Herrera"; and "Initiate internal review under Rule 11(c)(1)(D) of the Judicial Conduct and Disability Rules." Pl.'s Mot. to Vacate 20, Dkt. No. 72. These requests are without merit factually and legally and are frivolous. Plaintiff's Motion to Vacate therefore will be denied in its entirety.

### III.    Plaintiff's Motion for Default Judgment

Plaintiff rehashes many of the same arguments from his Motion to Vacate in his Motion for Default Judgment: judicial and systemic bias, asymmetrical rulings, and violation of due process and equal protection. *See* Pl.'s Mot. for Default J. 1-13, Dkt. No. 78; Pl.'s Reply 9, Dkt. No. 80. He also argues that Judge Yarbrough violated numerous canons in the Guide to Judiciary Policy. *See* Pl.'s Mot. for Default J. 4-12, Dkt. No. 78. Plaintiff requests default judgment and an award of $3,960,870. *See id.* at 5-6, 12-13. Again, Plaintiff has not shown bias by Judge Yarbrough, that his impartiality might reasonably be questioned, or any violation of the ethics rules. Plaintiff's request for default judgment is entirely without merit, is frivolous, and will be denied.

**IT IS THEREFORE ORDERED** that:

1. *Plaintiff's Rule 72(a) Objections and Motion to Set Aside Magistrate Judge's Order (Doc. 55) with Supplemental Motion to Vacate under Rule 60(b)(4) due to Legal Voidness and Systemic Prejudice* (**Dkt. No. 65**) are **OVERRULED** and the requests for relief contained therein are **DENIED**.

2. *Plaintiff's Motion to Vacate Order of Reference (Doc. 68)* (**Dkt. No. 72**) is **DENIED**.

3. *Plaintiff's Motion for Default Judgment with Reaffirmation of Systemic Due Process Deprivations, Structural Judicial Partiality, Constitutional Bias, and Institutional Breach of Judicial Integrity in Direct Contravention of Supreme Court Precedent,*

*Federal Law, Local Rules, and the Code of Conduct for United States Judges* (**Dkt. No. 78**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4